THE STATE v. KRIEGER, *Appellant.*

**Larceny.** There can be no conviction of larceny without proof of the value of the property stolen; and unless the record shows that there was such proof, the Supreme Court will set aside a conviction although the error was not pointed out by counsel.

*Appeal from St. Louis Court of Appeals.*

*F. D. Turner* for appellant.

*J. L. Smith,* Attorney-General, for the State.

SHERWOOD, C. J.—Defendant was indicted, tried and convicted for stealing a package of spool-cotton. There is nothing in the record which warrants a reversal except the error committed by the court in giving of its own motion, the fourth instruction, relative to the value of the property stolen. There was no evidence, whatever, as to the value of that property, and consequently the instruction was erroneous. And even if the instruction complained of had not been given, still the verdict could not be permitted to stand, as under the law then in existence, the property stolen must have equaled or exceeded in value the sum of $10. But, as above seen, there was no evidence as to value at all, hence a conviction would have been improper for any grade of larceny. The motion for a new trial called attention to the fact that the verdict was against the evidence; but the precise point, here mentioned, wherein the insufficiency consisted, escaped the attention of counsel. In the discharge, however, of our statutory duty, (*State v. Barnett,* 63 Mo. 300,) we have, on examination of the record, discovered the above defect, which must be regarded a fatal one. Judgment reversed and cause remanded. All concur.

REVERSED.