# STATE OF MISSOURI

AT THE

OCTOBER TERM, 1895.

(*Continued from Volume 133.*)

134   1
142  300

## GARVEY v. MARKS et al.; FARLEY et al., Appellants.

### Division One, March 31, 1896.

1. **Bond**: DELIVERY: ADDITIONAL OBLIGOR. Where a bond complete on its face is delivered by the obligors to the obligee the fact that it was signed by the obligors on the faith of a promise to secure the signature of an additional co-obligor does not relieve the obligors who signed of liability.

2. **Practice**: INSTRUCTION. Instruction in an action on a bond held not erroneous because of the use of the conjunction "or" instead of "and."

3. ———: ———. The use in an instruction of the term "understanding of plaintiff as well as defendants" instead of "agreement of the parties" held not error.

*Appeal from Jackson Circuit Court.*—C. O. TICHENOR, ESQ., Special Judge.

AFFIRMED.

*Chase & Bartlett* and *James A. Reed* for appellants.

(1) A bond may be placed in the hands of the beneficiary or obligee to become operative only upon the performance of a condition precedent and if the condition is not performed there is no delivery. *Jordan v. Davis*, 108 Ill. 336; *Lovet v. Brown*, 3 Wend. 380; *Rhodes v. School District*, 30 Me. 110; *Fairbank v. Metcalf*, 8 Mass. 230; *Cutter v. Whitmore*, 10 Mo. 442. (2) If defendants signed because of a promise that Queal would also sign and he did not do so, this amounted to a failure of consideration, for it was upon the strength of this promise the Farleys consented to sign at all. *Butler v. Smith*, 35 Mich. 457, 463; *Carter v. McClintock*, 29 Mo. 464. (3) The liability of sureties is to be strictly construed and never extended by implication. *Blair v. Ins. Co.*, 10 Mo. 562; *Taylor v. Jetter*, 23 Mo. 244. (4) But when the obligee has notice either from the incompleteness of the instrument or by other means, the facts may be shown in defense. *Leaf v. Gibbs*, 4 C. & P. 466; *Hardman v. Bratten*, 7 Wend. 188; *Fletcher v. Austin*, 11 Vt. 447; *Bell v. Lord Ingestre*, 12 A. & D. (N. S.) 317. (5) The instruction of the court of its own motion was erroneous in the use of the words "understanding of plaintiff as well as of defendants."

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) The instructions were favorable to defendants. (2) The bond was perfect on its face; there

were no blanks to be filled in with the names of other sureties. It was delivered to the obligee in the presence of the principal obligor and his sureties. It then became absolute. A bond can not be delivered in escrow to an obligee. 2 Am. and Eng. Encyclopedia of Law, page 459, note 2; *Miller v. Fletcher*, 27 Gratt. (Va.) 403; *State v. Chrisman*, 2 Ind. 126; *Madison v. Stevens*, 10 Ind. 1; *Moss v. Riddle*, 5 Cranch, 351; *Ward v. Lewis*, 4 Pick. 518; *Blume v. Bowman*, 2 Ired. L. 338; *Ins. Co. v. McMillan*, 29 Ala. 147. (3) Testimony of the alleged contemporaneous parol agreement tended to vary and contradict the terms of the written instrument, and was improperly admitted. *State v. Potter*, 63 Mo. 212; *State v. Wright*, 69 Mo. 152.

BRACE, P. J.—On the first day of November, 1888, the defendant, John F. Marks, as principal, and Harry B. Farley and Lawrence A. Farley as sureties, entered into a penal bond in the sum of $5,000 to the plaintiff, containing among others the following conditions, to-wit: "Whereas said James W. Garvey has heretofore indorsed * * * two notes executed by said John F. Marks, for one thousand dollars each, now held by the Commercial Bank of Kansas City, Missouri * * * Now if the said John F. Marks shall save harmless the said James W. Garvey from any damage, loss or injury * * * by reason of said indorsements by said Garvey of said notes, then this bond shall be void, otherwise to remain in full force and effect."

This bond was afterward supplemented by the following two contracts, added to or indorsed upon the bond, to wit:

(1) "Whereas, two of the notes covered by the foregoing bond, to wit, the two for one thousand dollars ($1,000) each, now held by the Commercial Bank,

have not been paid; and whereas, the said James W. Garvey, by request of said John F. Marks, has indorsed a renewal of one of said notes, and said John F. Marks now desires the said James W. Garvey to indorse a renewal of the other of said notes: Now therefore, in consideration of the indorsement of the second of said notes, and of the sum of one dollar ($1), the said John F. Marks, Harry B. Farley and Lawrence A. Farley hereby agree to save said Garvey harmless by reason of the indorsement of both of said renewal notes, and that all the terms and provisions of the foregoing bond shall remain in full force, virtue, and effect.

"Witness our hands and seals, this fifteenth day of January, A. D. 1889.

"J. F. MARKS,      [SEAL]

."H.B. FARLEY,      [SEAL]

."L. A. FARLEY.      [SEAL]"

(2)  "Whereas, two of the notes covered by the foregoing bond, to wit, the two for one thousand dollars each, the renewals of which are now held by the Commercial Bank, and being the two notes referred to in the foregoing supplemental indemnity contract, have not been paid; and whereas, the said two renewal notes given in lieu thereof, covered by the foregoing supplemental indemnity contract, have not been paid; and whereas, said James W. Garvey, upon the request of said John F. Marks, is about to indorse two renewal notes, to be given in lieu of the said two renewal notes covered by said foregoing supplemental indemnity contract:

"Now, therefore, in consideration of the indorsement of said two renewal notes by said James W. Garvey and of the sum of one dollar paid by said James W. Garvey to said John F. Marks, Harry B. Farley, and Lawrence A. Farley, the said John F. Marks,

Harry B. Farley and Lawrence A. Farley hereby agree to save said James W. Garvey harmless by reason of the indorsement of both of said renewal notes, and further agree that all the terms and provisions of the foregoing bond shall remain in full force, virtue, and effect.

"Witness our hands and seals this sixteenth day of March, A. D. 1889.

> "J. F. MARKS,      [SEAL]
> "L. A. FARLEY,      [SEAL]
> "H. B. FARLEY.      [SEAL]"

Marks having failed to pay these renewed notes, the plaintiff as his indorser was compelled to pay the same, and brings this action on the bond to recover the sum of $2,392.20, the amount he was compelled to pay in satisfaction of the judgment against him on said notes with interest from the twenty-seventh of June, 1891, when the same was paid. Marks did not answer. The substance of the defense set up by the Farleys was, that they signed the third or last bond or contract of indemnity on condition that the plaintiff would procure the same to be signed by one O. H. Queal as cosecurity with them on said contract (which he promised, but failed to do), and upon the agreement that the bond should not become operative until the same was so signed. The reply to this answer was a general denial. The evidence, so far as is necessary, will be noticed in the course of the opinion. The issue was submitted to the jury on the following instructions:

*Given for plaintiff:*

"1. The court instructs the. jury that the execution of the contract and bonds sued upon is admitted by the defendants, and the burden of proving any facts to relieve defendants from the effect of signing said contracts or bonds, rests upon defendants.

"2. The court instructs the jury that if at the time the last bond, the one sued on, was delivered to the

Garvey v. Marks.

plaintiff, it was the intention of the parties thereto that it should take effect, or that on the strength of it as it then was plaintiff Garvey should indorse the two one thousand dollar notes, then your verdict will be for plaintiff.

"3. If you find for plaintiff your verdict will be for the sum of $2,392.20 and interest on the same from the time said sum was paid by plaintiff, to wit, June 27, 1891, at the rate of six per cent to date."

*Given by the court on its own motion:*

"1. The jury are instructed that you must believe from the evidence that it was the understanding of plaintiff as well as of defendants that the supplemental bond in controversy was not to take effect until O. H. Queal had signed the same, and unless you so find, your verdict will be for the plaintiff.

"2. The jury are instructed that if they believe from the evidence that the defendants L. A. and H. B. Farley signed the last supplemental bond sued on in this action by reason and on account of a promise and assurance of the plaintiff, J. W. Garvey, that one O. H. Queal was also to sign the said supplemental bond or contract with them, *and that it was to have no effect until it was so signed by Queal,* and if you further find that said O. H. Queal did not so sign said supplemental bond or contract, then you will find for the defendants L. A. and H. B. Farley in this action."

The second instruction by the court on its own motion is an instruction asked for by the defendant modified by inserting the words "and that it was to have no effect until it was signed by Queal" (in italics). The modification of this instruction by the court, the giving of the second instruction for the plaintiff, and of the first on its own motion, are the errors assigned for reversal.

1. As stated in the first instruction given for the

plaintiff, it was admitted that the defendants in fact signed, sealed, and delivered to the plaintiff, the third obligatory instrument, as they had the two preceding ones. It was prepared alone for their signature, and that of the principal; no blanks were left for any other person to become a party thereto. The consideration appears upon the face of these written instruments and is not questioned, and there is no suggestion of fraud in the case. Prior to, and pending the execution of the instrument, however, the parties had an interview in regard to renewing these notes and obligations, and the defendant introduced parol evidence tending to prove that in that interview the plaintiff promised to get O. H. Queal to go on the bond with them, and the defendant introduced parol evidence tending to prove that he did not make any such promise.

This was the case made by the evidence upon which the defendant asked the court to instruct the jury that if they believed that the Farleys signed the supplemental bond, by reason of such promise, they should find for the defendant, and we think the court committed no error in refusing to do so, for the reason that the instruction as asked ignored the real issue in the case.

The parol evidence was not admissible for the purpose of contradicting the written instrument or varying its terms by introducing a new condition of liability therein. If admissible at all, it could only be on the issue tendered by the defendants' answer that although the bond was signed, sealed, and delivered in fact, yet it was the intention of the parties that it should not become operative until it should also be signed by Queal; in other words, that the instrument was delivered by the obligors directly to the obligee, to be held *in escrow* until such time as it should be signed by Queal, and then only was the delivery to be complete.

Now, while there are many cases that hold that a bond delivered to the principal or a co-obligor by the sureties may be shown to have been delivered as an escrow, although afterward delivered by such co-obligor to the obligee (*Ayers v. Milroy*, 53 Mo. 516; *People v. Bostwick*, 32 N. Y. 445; *Lovett v. Adams*, 3 Wend. 380; 2 Am. and Eng. Encyclopedia of Law, p. 459, and cases cited in note), on the principle that such a delivery was to a special agent, of the extent of whose authority the obligee must take notice, the general rule unquestionably is, that: "If a bond is perfect on its face, it can not be delivered to the obligee, as an escrow, to be valid upon another person executing it. It is valid although the condition is not complied with." 2 Am. and Eng. Encyclopedia of Law, p. 459, and cases cited in note 2.

Applying this rule to the case in hand, the defendant had no defense whatever to the action; for the bond was delivered directly by the defendants (obligors) to the plaintiff (obligee) and there could be no question of agency in the case. The court did not apply it, however, and if there be exceptions to the rule, the defendants got the benefit thereof, whether their case came within the principles of such exceptions or not, for the court by its instruction in effect held that if the delivery to the plaintiff was upon condition that the bond was not to become operative until signed by Queal, and he did not sign it, the defendants were discharged.

The court could not, as asked by the defendants, go further and instruct the jury, regardless of the fact of delivery, that if the defendants *signed* the bond by reason of or on account of the promise of plaintiff to secure the signature of Queal, and he failed to do it, they were discharged, without ignoring the only issue in the case, that let in their evidence, and permitting a

Garvey v. Marks.

parol contemporaneous promise to defeat a duly executed written agreement. The court committed no error in modifying the defendants' instruction as hereinbefore indicated.

2. The use of the word *or* in instruction number 2 for plaintiff is criticised, the defendant contending that the conjunction "and" should. have been used.. The instruction itself answers this contention; the two propositions coupled by the disjunctive conjunction are in effect the same, stated in different words. The second is simply explanatory of the first.

3. The phrase "understanding of plaintiff as well as defendants" in the court's instruction number 1 is objected to. As suggested by counsel for defendant, "agreement of the parties" would have been a better form of expression; but the idea is the same. The understanding of two minds as to the same fact is a mutual understanding or agreement as to such fact, and there can be no fear that the jury misunderstood this instruction.

Finding none of the errors complained of well assigned, the judgment of the circuit court is affirmed, and the appeal in this case having been taken to the Kansas City court of appeals in the first instance, and thence certified here, it is ordered that the same be remanded to that court in order that the judgment of the circuit court may be affirmed there. All concur except BARCLAY, J., who dissents.

IN BANC, DECEMBER 15, 1896.

PER CURIAM.—The foregoing opinion handed down in division number one is adopted as the opinion of. the court *in banc*, GANTT, SHERWOOD, MACFARLANE, BURGESS, and ROBINSON, JJ., concurring with BRACE, C. J., therein; MACFARLANE specially in paragraph 1 "on the ground that the question was fairly submitted

to the jury on defendants' theory of the law." The judgment of the circuit court is, therefore, affirmed. BARCLAY, J., dissents.