## STATE OF MISSOURI, Respondent, v. STANLEY, Appellant.

St. Louis Court of Appeals,      March 5, 1907.

1. **LARCENY: Value of Stolen Article.** To authorize a conviction of larceny, there must be both allegation and proof of some value of the property alleged to have been stolen.

2. ———: ———: **Evidence.** In a prosecution for petit larceny, where the articles, a pair of gloves, alleged to have been stolen were exhibited to the jury and evidence was introduced to show the price paid for them; this was sufficient evidence to warrant the jury in finding they had some value.

3. ———: **Possession of Stolen Articles.** The presumption arising from the possession of a recently stolen article that the possessor is *prima facie* the thief applies in a case where the defendant, charged with larceny of a pair of gloves, claimed that he did not take the gloves from the place where they were stolen but from another place without intending to steal them.

4. ———: **Intent: Commentary upon Evidence.** It is proper in a criminal case to instruct that the intent to commit the crime need not be proved by direct testimony but may be inferred from all the facts and circumstances; but an instruction in a prosecution for petit larceny telling the jury that the intent of the defendant to steal the article might be inferred from the mere fact that he took it without any claim of ownership, was a commentary upon the evidence and erroneous. The instruction should especially be condemned where the taking of the article without claim of ownership under some of the evidence was entirely consistent with the defendant's innocence.

5. **PRACTICE IN CRIMINAL CASES: Defendant as a Witness: Instruction: "Should" and "May."** In a prosecution for a crime, an instruction that the defendant is a competent witness in his own behalf, but in determining his credibility the jury "should" consider the fact that he is defendant, is to be condemned because the statute uses the word "may" in that case, but the error is not sufficient alone to cause a reversal.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*Joseph J. Crites* for appellant.

(1)    It is elementary law that in prosecutions for petit larceny that the information must allege, and the proof show that the stolen property had some value under thirty dollars at the time it was stolen.    1 McClain on Criminal Law, sec. 586.    Further, this rule is conceded to be correct by BURGESS, J., in State v. Weber, 156 Mo. 259; Miller v. Bryden, 34 Mo. App. 602; State v. Wheeler, 108 Mo. 658.    (2)    It was error to give instruction number two given by the court.    The taking of the gloves was admitted.    The defendant's evidence showed this and the whole case was tried on that theory. That point was never in question for a moment.    The only question at issue was whether the defendant took them innocently or with the intent to steal them.    (3) "Where on a trial for larceny, the taking of the property is admitted, and the only question is whether the defendant did the taking by mistake, or with intent to steal it, it is improper to instruct the jury on the presumption arising from the possession of stolen property."    State v. Warden, 94 Mo. 648; State v. Sasseen, 75 Mo. App. 197.    (4)    Instruction number four when taken with the whole case is radically wrong, in this, that it uses the word "should" instead of "may," with reference to considering the defendant's testimony.    This point has been decided both ways by our Supreme Court.    It was first held that the word "should" when used in an instruction concerning the consideration of the defendant's testimony, was proper.    State v. Cook, 84 Mo. 40; State v. Young, 99 Mo. 666; State v. Young, 105 Mo. 631.    The cases holding to the contrary are later cases.    State v. Fairlamb, 121 Mo. 137; State v. Bryant, 134 Mo. 246.

*S. N. Lorts* for respondent.

(1)    The first contention of appellant why the judgment should be reversed is found in his allegation of a

failure on the part of the State to prove the value of the gloves, alleged to have been stolen. The gloves were exhibited before the jury together with evidence of the price paid for them and the place of purchase. The value of the gloves was sufficiently proven. Stevens v. Springer, 23 Mo. App. 375; Piano Co. v. Gibbons, 96 Mo. App. 218; State ex rel. v. Steele & Co., 108 Mo. App. 363. (2) The defendant assigns as error the action of the trial court in giving instruction numbered two, and as grounds for his contention states that the taking of the gloves were admitted by the defendant. It is true that the defendant admitted the taking of the gloves, but he did not admit taking them from Hassler, from whom they were taken, and besides the gloves were not all the property that was stolen from Hassler, as charged in the information, and as shown by the evidence. There were one pair of gent's gloves, one bar of soap and one towel, of the value of one dollar, of the personal property of George A. Hassler. State v. Davis, 73 Mo. 129; State v. Phelps, 91 Mo. 478; State v. Barker, 64 Mo. 282; State v. Beatty, 90 Mo. 143. (3) The possession of the fruits of a crime recently after its commission is prima facie evidence of guilty possession, and if unexplained either by direct evidence, or by the attending circumstances or by the character and habits of life of the possessor, or otherwise, it is taken as conclusive. State v. Gray, 37 Mo. 463; State v. Robbins, 65 Mo. 443; State v. Moore, 101 Mo. 316.

BLAND, P. J.—The appeal is from a conviction of defendant of petit larceny, on an information filed by the prosecuting attorney of Phelps county. The evidence is that C. A. Hassler is a locomotive engineer, on the St. Louis and San Francisco Railroad, and in May, 1905, his run was between Newberg and Springfield, Missouri. On the thirteenth day of said month, at about 4:30 o'clock a. m., he brought his train into Newberg and run the engine (No. 1001) into the roundhouse, put his

State v. Stanley.

gloves, a bar of soap and other articles into a box on the engine and locked the box with a Yale lock. On the next morning he discovered the box had been broken open and the gloves and bar of soap taken out. He called the attention of A. S. Abbott, the foreman of the railway shops, and Craig, a boiler maker at Newberg, to the fact, and asked them to keep a lookout for his gloves. The gloves were marked with Hassler's initials, and on the morning of the seventeenth of May, Craig discovered them in the possession of defendant and took them from him. In an altercation between Craig and defendant about the gloves, in the hearing of Abbott, both Craig and Abbott testified defendant said he had "swiped" the gloves from engine No. 1001. The bar of soap was never found.

The only evidence in respect to the value of the gloves was that of Hassler, who stated he paid seventy-five cents for them in Springfield. Defendant testified he was in the employ of the railroad company and on May seventeenth was at work in the roundhouse at New-berg, "boring flues" on engine No. 1000, and found the gloves on this engine; that he put them on and wore them, took them home in the evening, laid them up and on the next morning put them on again and had them on at the time Craig took them from him. Defendant testified he did not break open the box on engine No. 1001, nor get the gloves from that engine, and denied that he said to Craig, that he "swiped" the gloves, or ever claimed them as his own.

1. Defendant contends that there was no evidence of the value of the gloves, and for this reason the jury should have been directed to find defendant not guilty. It is elementary that there must be both allegation and proof of some value of the property alleged to have been stolen, to authorize a conviction of larceny. [The State v. Krieger, 68 Mo. 98.] Is proof of the cost of an article,

when, as were the gloves, the article itself is exhibited to the jury, any evidence of the value of the article?

In Miller v. Bryden, 34 Mo. App. 602, an action in replevin to recover the possession of a Winchester rifle, the only evidence in the record (which was offered by plaintiff) touching the value of the gun, was a statement that he gave twenty-five dollars for it. The court, at page 607, said: "This evidence had no tendency to show what the value of the gun was at the time of the trial," and after commenting on the methods of proving value, at page 608, said: "But we apprehend that, where the question is as to the value of goods at a particular time, the mere statement of what a party may have given for the goods,—not referring to any particular time, place, market, circumstances of purchase, or any other fact which would tend to show whether or not the price thus paid was reasonable,—has no evidentiary value on the question of the value of the chattel at the particular time in question."

In Stevens v. Springer, 23 Mo. App. 375, the court held that the price which plaintiff had paid for the property at a sheriff's sale was some evidence of its value; and in State ex rel. v. Steel & Co., 108 Mo. App. 363, we held the price paid for a horse was some evidence of its value at the time of trial, when it was shown that the horse had been recently purchased and was well worth what was paid for him at the time of the purchase.

In Story & Clark Piano Co. v. Gibbons, 96 Mo. App. 218, 70 S. W. 168, it was shown what the piano (replevied) was sold for, and that after the sale it was damaged to the extent of seventy-five dollars. This was held to be some evidence of the value of the piano at the time of the trial.

All of these cases were in replevin for the recovery of the possession of specific personal property, and the actual value of the property at the time of the trial was an issue in each of the cases; and mere proof of the price

paid for such property, without reference to the time or place marketed, or other circumstances of the purchase, or any other fact connected therewith, we do not think would be sufficient evidence to warrant a jury in a replevin suit, to find the value of the article. But the evidence of the price paid, in connection with an exhibition of the article to the jury (as were the gloves) is some evidence of value and is sufficient to warrant a jury to find the article has some value and as the State, in this case, was not required to prove, or the jury to find, the actual or exact value of the gloves, but only that they were of some value, we think the evidence touching the value was sufficient to warrant the jury to find the gloves had a value.

2. On the evidence that defendant admitted the taking of the gloves, defendant contends the court erred in giving the following instruction for the State, and cites the cases of State v. Warden, 94 Mo. 648, 8 S. W. 233; and State v. Sasseen, 75 Mo. App. 197, as supporting this contention:

"2. The court instructs the jury that the law presumes the innocence, and not the guilt of defendant, and that this presumption continues until overcome by evidence proving his guilt. And on the other hand, where property has been stolen, and recently thereafter the same property is found in the possession of another, such other person is presumed to be the thief, and if he fails to account for his possession of such property in a manner consistent with his innocence, this presumption becomes conclusive and you would be justified in finding such person to be the one who stole said property."

In the Warden case, defendant was charged with the larceny of a horse, saddle and bridle. His plea was that he took the property innocently, by mistake, believing that the horse was the property of a friend and relative, who had given him permission to ride it to his father's home, for which purpose alone he used it. The court

said: "There was evidence tending to sustain this defense, and the only question for the jury to determine was, whether the taking was with a felonious intent; whether the property was stolen or taken innocently," and held that it was error to give an instruction, that the possession of the property by the defendant, if it had been recently stolen, was prima facie evidence of his guilt. In the Sasseen case a similar ruling was made under similar circumstances. In each of these cases, the admission was that the defendant took the property, not that some one else took it and defendant subsequently came into possession of it innocently. Stanley did not admit that he took the gloves from the box on engine No. 1001, where Hassler had put them away, but denied that he got them out of the box, and swore he found them on a different engine, No. 1000. His evidence does not tend to prove that the gloves were not stolen; it only tends to prove that some person unknown was the thief and that his (defendant's) possession was innocent. His plea is not different from what it would have been had he testified he innocently bought the gloves from a third person. He was in possession of property which the evidence tends to show was recently stolen. His plea was that he did not steal the property, but found it. In this state of the evidence, the law raised the presumption that he was a thief, and the instruction was clearly proper.

3. Plaintiff's instruction No. 1 is as follows:

"The court instructs the jury that if you believe and find from the evidence that the defendant in Phelps county, Missouri, on or about the thirteenth day of May, 1905, did willfully steal, take and carry away, the gloves charged in the information, with the fraudulent intent to convert the same permanently to his own use and to deprive the owner permanently and against his will of the use thereof, and if you further find from the evidence that at said time and place the said gloves were the prop-

erty of George A. Hassler and of the value of less than thirty dollars, you will find him guilty of petit larceny and assess his punishment at imprisonment in the county jail not exceeding one year, or by a fine not exceeding one hundred dollars or both such fine and imprisonment."

Defendant asked the following:

"3. The court instructs the jury that you cannot convict the defendant in this case unless you find and believe from the evidence and beyond a reasonable doubt, that the defendant at the time he took said gloves intended to convert the same to his own use and intended to deprive the owner permanently of the use thereof and unless such intent is shown from the testimony, you will acquit the defendant."

Which the court modified and gave in the following form:

"The court instructs the jury that you can not convict the defendant in this case, unless you find and believe from the evidence and beyond a reasonable doubt, that the defendant at the time he took said gloves intended to convert the same to his own use and intended to deprive the owner permanently of the use thereof, and unless such intent is shown from the testimony, you will acquit the defendant. But such intent need not be shown by direct or positive testimony but may be inferred by taking of said gloves by the defendant without any claim of ownership, and if you find the defendant did take said gloves without such right or claim and from all the facts and circumstances in evidence."

Defendant contends he was entitled to his instruction as asked. The instruction as asked is the converse of No. 1, given for the State, and should have been given in the form asked. The clause added to the instruction is involved, misleading and erroneous. It is proper, in a criminal case, to instruct that the intent to commit the crime charged need not be proven by direct or positive

testimony, but may be inferred from all the facts and circumstances shown in the case. It is never permissible for the court to comment on the evidence through its instructions, as was done in the instruction quoted above. The instruction is especially to be condemned for telling the jury that the intent of defendant to steal the gloves might be inferred from the mere fact that he took them without any claim of ownership, when the taking may have been entirely innocent, and was so, if his evidence is to be believed.

4. Defendant complains of the following instruction given on the part of the State:

"4. The defendant is a competent witness in his own behalf and his testimony should be considered by you in making up your verdict, but in determining his credibility and the weight that should be given to his testimony you should consider the fact that he is the defendant and on trial and testifying in his own behalf."

The objection to the instruction is, that the jury were directed that they *should* take into consideration the fact, that defendant was on trial in determining his credibility as a witness, when the word *may* should have been used. The statute (sec. 2637, R. S. 1899) making a defendant a competent witness in his own behalf, provides that the fact that he is the defendant and on trial "may be shown for the purpose of affecting his credibility" as a witness. It seems to us that the language of the statute, or equivalent language, should be used in an instruction calling the attention of the jury to the credibility of a defendant as a witness in his own behalf, but in State v. Bryant, 134 Mo. l. c. 253, 35 S. W. 597, the Supreme Court, in respect to an instruction like the one under consideration, said:

"The instruction is also criticised because it tells the jury that the fact that the defendant (who testified as a witness in his own behalf) is the accused party,

should, instead of may, be considered by the jury in determining the weight to be given to his evidence.

Similar instructions have frequently met with the disapproval of this court (State v. Fairlamb, 121 Mo. 137, 25 S. W. 895, and authorities cited); but it has never been held that the judgment·should be reversed for that cause alone, nor do we think that it should be done in the case in hand."

This is the latest expression of the Supreme Court on the subject and is controlling on us. For error in modifying instruction No. 5 asked by defendant, and giving it as modified, the judgment is reversed and the cause remanded. All concur.