STATE of Missouri, Respondent,

v.

Claude BREWER, Appellant.

No. 44700.

Supreme Court of Missouri.

Division No. 1.

Feb. 13, 1956.

Melvin Englehart, Fredericktown, for appellant.

John M. Dalton, Atty. Gen., William B. Waters, Sp. Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant, convicted of grand larceny and sentenced to two years imprisonment in the penitentiary, has appealed. He makes three allegations of error, namely: Improper cross-examination, improper argument by the prosecuting attorney and error in giving Instruction One because of lack of substantial evidence to show that the value of the property found in his possession was more than $30.

The State's evidence showed that the stolen property (bedroom suite, sewing machine, rug, clothing, bedspread, pillows and radio) was located in a house on the Low Hollow public road, in Reynolds County, about four miles from the nearest town. This property belonged to Elmer Warner, who was working in St. Louis. His father-in-law Alvin McNail lived nearby and on Saturday evening, March 6, 1954, McNail and Warner went to the house and found all of the property there. On Sunday evening, March 7th, McNail found that the house had been broken into and the bedroom furniture and other personal property missing. About two weeks later, defendant was arrested at Ironton and much of the missing property was found

in his truck. (Warner's name was written on the bed slats and some key chains advertising a service station he had operated were found in a dresser drawer.) Mr. and Mrs. John Hampton testified they saw a truck of the same description as defendant's (and with the same name on the door) go by their house in the afternoon of March 7th and return about half an hour later. Mr. Hampton said this was the only vehicle that passed his house that day (they lived on a dead-end road) and Mrs. Hampton positively identified defendant as the driver.

Defendant's defense was an alibi, having testimony of two brothers, his wife and a brother's wife to show that he was in the town of Caledonia the entire day of March 7th. Defendant said that he bought the furniture and other articles for $11 during the evening of March 7th from three men he did not know who came to his house in a red pickup truck.

The evidence as to value came in as follows:

"Q. What was the approximate value of the property that belonged to you, Mr. Warner, that you found there on the truck?

"Mr. Englehart: We wish to object to that. There has been no foundation laid to show this witness is qualified to testify to value whatever.

"The Court: Overruled.

"Q. Just tell the jury about what the property you found that belonged to you that was on that truck was worth? A. Oh, around $100.00 somewhere."

No other objection or motion was made; and defendant's brief, under "Points and Authorities", does not allege error in overruling the above objection; but only alleges error in giving Instruction One (authorizing conviction for grand larceny) on the ground that there was no substantial evidence to show that the value of the property was more than $30. However, at least, as to common classes of personal property, "the law seems to be that an owner of property, without further qualifications, may testify to its reasonable market value, and the jury determines the weight and value of such testimony." Baird v. Ellsworth Realty Co., Mo.App., 265 S.W.2d 770, 774 and cases cited; State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W.2d 68, 72; 20 Am.Jur. 752, Sec. 894; 32 C.J.S., Evidence, § 545, p. 315. Likewise, in State ex rel. Terry v. Ace Storage & Moving Co., Mo.App., 135 S.W. 2d 363, 368, where only plaintiff testified as to the value of her furniture claimed to have been converted, it was said: "Any lack of experience on plaintiff's part in regard to the valuation of furniture and the like affected only the weight, and not the competency, of her testimony." Defendant cites State v. Doepke, 68 Mo. 208, in which a conviction of grand larceny was reversed because an instruction gave the jury an improper standard of value to the effect "that it was sufficient if they found it to have been of that value to the owner, and that it was not required that it should be of that value to third persons, or that it would command that price in the open market." Defendant also cites State v. Krieger, 68 Mo. 98 in which there was no evidence whatever as to value; and State v. Stanley, 123 Mo.App. 294, 100 S.W. 678 and State v. Bresse, 326 Mo. 885, 33 S.W.2d 919, in both of which the only evidence was the cost to the owner, but in which nevertheless such cost was held to be some evidence of value. State v. Walser, 318 Mo. 833, 1 S.W.2d 147 and State v. Jones, Mo.Sup., 227 S.W.2d 713, also cited by defendant, are not in point; in the latter there was a total failure of proof that the defendant took any money as charged and the former involved qualifications as an expert witness. In this case, there was no objection that the owner was using an improper standard of value, no cross-examination to show that he was using an improper standard, and no request for preliminary questioning to determine what standard be used. Furthermore, both the owner and his father-in-law described the property in their testimony. Therefore, upon consideration of this testimony and the value stated by the

owner, we find there was substantial evidence to show that the value of the property involved was more than $30 and hold that it was not error to give Instruction One authorizing the jury to so find.

■ The claim of improper cross-examination concerns the cross-examination of Geneva Jamerson who testified that in the afternoon of March 7, 1954, she saw a red pickup truck with bedroom furniture on it and heard one of the men ask the man, at whose house she was visiting, if he wanted to buy some furniture. On cross-examination, she was asked if Leonard Huff ever worked in defendant's brother's tavern. An objection on the ground that Huff was not a witness was overruled and the witness said Huff did work there. She was then asked if she was the girl friend of Leonard Huff, but when an objection was made the question was not answered. Defendant's contention is that this was an irrelevant collateral matter which "did not in any way show the attitude of this witness on the merits of the case or toward the defendant." Cross-examination to show motive, interest or animus of a witness may be permitted and, as defendant says in his brief "the latitude of cross-examination in a criminal proceeding rests to a very large extent within the discretion of the trial court." See State v. Decker, 161 Mo.App. 396, 143 S.W. 544; State v. Ryland, 324 Mo. 714, 25 S.W.2d 109, 111; State v. Albritton, 328 Mo. 349, 40 S.W.2d 676, 680; State v. Walker, Mo.App., 110 S.W.2d 780, 783. Certainly, since no answer to this question was required and defendant requested no other action, we must hold there was no reversible error on the part of the Court.

■ Concerning the claim of improper argument by the prosecuting attorney, as to the first four objections in the record (which are the only objections included in the motion for new trial), the record shows only the objection made and the statement of the Court to the jury in each instance to the effect that they must be guided by the evidence and not by argument of counsel. The record does not show what was said by the prosecuting attorney. Defendant alleges in his motion for new trial the purported substance of the prosecuting attorney's remarks, which he says were not supported by any evidence and were prejudicial, inflammatory and improper. However, we have many times held that such statements in an unverified motion for new trial do not prove themselves and that nothing is presented for appellate review in this situation. State v. Crocker, Mo. Sup., 275 S.W.2d 293, 297; State v. Mayberry, Mo.Sup., 272 S.W.2d 236, 242; State v. Gerberding, Mo.Sup., 272 S.W.2d 230, 235; State v. Gaddy, Mo.Sup., 261 S.W.2d 65, 68; State v. Burks, Mo.Sup., 257 S.W. 2d 919, 921; State v. O'Brien, Mo.Sup., 252 S.W.2d 357, 360; State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774, 780; State v. Tyson, 363 Mo. 1242, 258 S.W.2d 651 and cases cited. The record does show certain isolated remarks of the prosecuting attorney made subsequent to the first four objections (included in the motion for new trial); but none of these latter instances are alleged as error in the motion for new trial. Therefore, they are not before us for review.

We have examined the record and find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

All concur.