**STATE of Missouri, Plaintiff-Respondent,**

v.

**Joseph Donald GIBSON, Defendant-Appellant.**

**No. 32293.**

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1966.

Hale W. Brown, Kirkwood, for defendant-appellant.

Lon J. Levvis, Pros. Atty., Mexico, Mo., for plaintiff-respondent.

BRADY, Commissioner.

The defendant was charged in the information with the commission of or aiding and abetting the commission of a burglary and with larceny in connection therewith. He was sentenced to one year in the County jail as a result of his conviction for stealing property of the value of less than Fifty Dollars. No briefs have been filed but the record and those assignments of error properly stated in defendant's motion for new trial are for review by this court on appeal. Criminal Rules 27.20, 28.02, 28.08, V.A.M.R.; State v. Euge, Mo.App., 359 S.W.2d 369.

Among other allegations of error properly presented for our ruling is de-

fendant's contention the trial court erred in not sustaining defendant's motion for a directed verdict of acquittal offered at the close of all the evidence in the case. In this regard defendant's position as stated in the motion for new trial is that there was no evidence " * * * he had aided or abetted any one else * * * in stealing." This is the only ground which he advances to support his contention the evidence was insufficient. When it is urged that the evidence was insufficient to make a submissible case, this court will accept as true all of the evidence in the record tending to show the defendant's guilt, whether that evidence be circumstantial or direct in nature, together with all favorable inferences reasonably to be drawn therefrom, and disregard defendant's contradictory evidence, if any. State v. Armstrong, Mo., 361 S.W.2d 811.

Stated in the light required of us the evidence shows that the defendant, Gerald Hilkemeyer, Larry Hilkemeyer, Jim Jacobi, Mike Jacobi, and Virgil Erwin had been out on a drinking spree in the late afternoon and early evening of the night the alleged burglary and stealing took place. They had traveled around to several towns in central Missouri drinking and talking to friends and, later that night, returned to Mexico, Missouri. Gerald Hilkemeyer testified that while they were driving down a street in that city Jim Jacobi told him to stop the car, stating " * * * 'I'm going to go steal a car.' * * * ". Jacobi made this statement when they were about one and a half miles away from a used car lot where they later stopped and let Jacobi and the defendant out. The witness Virgil Erwin corroborated this testimony and also testified that Jacobi and the defendant came back from the car lot together and that Jacobi was then carrying a leather briefcase which he put in the car. The defendant testified that upon returning to the automobile Jacobi stated he had kicked out a window of the office building located on this used car lot and that this leather briefcase had been taken from the office.

The briefcase contained a notary public seal, a crescent wrench, a pair of pliers, a screwdriver, some ball point pencils, and some business forms. This briefcase was found in the automobile in which the defendant, the witnesses whose testimony is referred to above, and the other persons here involved were riding when the defendant was arrested. Except for the notary seal these items were exhibited to the jury.

The defendant's other allegations of error deal with the giving of Instructions 3 and 4. In its pertinent parts Instruction No. 3 informed the jury that if they found the defendant not guilty of burglary but did find that the defendant and James Jacobi, while acting in concert with each other, did steal and carry away with intent to convert to their own uses and to permanently deprive the owners thereof the articles mentioned in evidence of the value of less than Fifty Dollars, then they were to find the defendant guilty of stealing property of the value of less than Fifty Dollars and assess his punishment at one year in the County jail or a fine of not more than One Thousand Dollars, or both. Instruction No. 4 informed the jury that they could find the defendant guilty of both burglary and stealing, or acquit him of both offenses, or find him guilty of burglary and acquit him of stealing, or acquit him of burglary and find him guilty of stealing property of the value of less than Fifty Dollars. The jury found the defendant not guilty of burglary and guilty of stealing property of the value of less than Fifty Dollars.

■ In dealing with defendant's first allegation of error it is unnecessary to rehash the facts stated earlier in this opinion bearing upon defendant's guilt. In view of the limited nature of defendant's attack upon the evidence it is enough to state that the evidence was sufficient to authorize submission to the jury of the State's theory the defendant acted in concert with James Jacobi to steal the briefcase and also substantial and sufficient to support the verdict reached by the jury..

■ We pass now to the more serious aspect of this appeal. The defendant's attack upon Instructions 3 and 4, as stated in the motion for new trial, is " * * * the property should have been shown to have some value, at least 1 cent and the jury could not weigh the evidence as to the value of these articles * * *." His theory is that absent proof the articles stolen had some value the defendant cannot be convicted even of stealing less than Fifty Dollars. (See § 560.161, RSMo 1959, V.A.M.S.)

In State v. Stanley, 123 Mo.App. 294, l. c. 297, 100 S.W. 678, l. c. 678, the statement is made that " * * * It is elementary that there must be both allegation and proof of some value of the property alleged to have been stolen to authorize a conviction of larceny. State v. Krieger, 68 Mo. 98. * * *". See also 52 C.J.S. Larceny § 97, p. 912. We have no quarrel with that statement as a general rule of law but it does not determine the issue here involved. State v. Stanley, supra, involved the theft of some gloves from a box left in a locomotive. The only evidence of the value of the gloves was that the owner had paid 75¢ for them some time previously. In the sentence immediately following that set out above the court stated the issue it was ruling as follows: " * * * Is proof of the cost of an article when, as were the gloves, the article itself is exhibited to the jury, any evidence of the value of the article? * * *". The court decided that proof of cost was evidence of value. The opinion contains a review of other cases which had previously so held. More recent cases involving the general question include State v. Supinski, Mo.App., 378 S. W.2d 602, l. c. 606, where the testimony was as to the original cost of the items stolen, the length of time they were owned, the use to which they were put, and where the items, as in the instant case, were exhibited to the jury. Our reported case law abounds with other cases of this same nature.

State v. Krieger, supra, cited by the court in State v. Stanley, supra, as authori-ty for the statement quoted earlier herein was decided in 1878. The case offers another example of how pure obiter dictum in an opinion can, in time and without careful reading, become accepted as the law of the case in which it was first stated. There the defendant was convicted of stealing a package of spool cotton. The opinion states that the only error in the case is that the court gave an instruction relative to the value of the property stolen stating that there was no evidence *whatever* as to the value of the spool cotton. However, the court goes on in the opinion to state " * * * And even if the instruction complained of had not been given, still the verdict could not be permitted to stand, as under the law then in existence, the property stolen must have equaled or exceeded in value the sum of $10. * * *". It is thus apparent that what was involved was a prosecution for grand larceny. Nevertheless, immediately following the sentence in the opinion set out above the court does include the obiter statement that since there was no evidence as to value at all " * * * a conviction would have been improper for any grade of larceny. * * *". It is therefore apparent that State v. Krieger, supra, merely ruled that absent evidence of value of the amount or over the amount stated in the statute for grand larceny, an instruction submitting the value as being of that amount or over is improper and a conviction for that offense must be reversed. The question as to the proof necessary to authorize an instruction and to sustain a conviction for petit larceny was not before the court and the statement contained in the opinion regarding a conviction for "any grade of larceny" is pure obiter.

However, so long as it is not cited as authority in cases of petit larceny we have no quarrel with State v. Krieger, supra. There the court emphasized that there was no evidence *whatever* of value. It does not appear that the stolen item was ever introduced into evidence and viewed by the jury. Such a situation is far different from that presented to the court in State v.

Stanley, supra, and State v. Supinsky, supra. In those cases there was some evidence of value and the issue to be decided therein was essentially the same, albeit resting upon different factual situations, as that in the instant case. It may be stated in this fashion: What constitutes evidence of value? The specific issue presented in the instant case is: Absent any other evidence as to value, can the jury, from examination of the items stolen which were exhibited to it, determine that the property has some value? Or, stated in another fashion, can there be proof of value (not the amount of value as necessary in a prosecution for grand larceny but merely proof of *some* value as required in petit larceny cases) other than by oral testimony? We think there can be such other proof in cases involving items which are not so unique or unfamiliar as to require expert testimony as to their value, and that in such cases the jury can make a determination the items had some value from an examination of the articles exhibited to them.

State v. Armstrong, supra, 361 S.W.2d 1. c. 817, involved a conviction for stealing in connection with a burglary. The court pointed out that as the defendant had also been convicted of burglary it was only necessary that the evidence as to stealing " * * * show that the property had some value, * * *". As the defendant's own allegation of error concedes, that is all that is required in the instant case; i. e., proof the items stolen had some value. In State v. Armstrong, supra, the items stolen were three cameras and a Schick razor which were taken out of a plate glass show window in a pawn shop. The court stated, "In determining whether personal property has 'value,' and the amount thereof, as the term is used in Secs. 560.156 and 560.161, RSMo 1959, V.A.M.S., reference, of course, is not to 'the value to the owner,' but as to the value of the property on the open market. In this case it appears that the property in question, which was the subject of the larceny, was exhibited in the jewelry window of the Friedman shop and an inference could be drawn that it was being offered for sale. The amount paid for the property by the proprietor of the shop was some evidence of its value and, *in addition, the particular items in question were offered in evidence before the jury and were of the type and kind from which the jury might well judge whether or not they had any value.* * * *" (Emphasis supplied.) Certainly a crescent wrench, a pair of pliers, a screwdriver, and some ball point pens are more within the general knowledge of the jury as to value than were the cameras and razor involved in this case. (State v. Armstrong, supra.)

In State v. Duncan, 336 Mo. 600, 80 S.W.2d 147, a prosecution for burglary, the court at 1. c. 152 stated: "Neither was it necessary to prove in terms that the scissors, clippers, razors, barber chairs, and other equipment in the barber-shop, which was operated as a going concern, had some value. The jury were entitled to infer that fact. * * *". We can see no reason the rule should be different in cases of petit larceny.

A case from a sister jurisdiction involving the same point may be found in Lanham et al. v. Commonwealth, 250 Ky. 500, 63 S.W.2d 585, involving the theft of "several" gallons of gasoline. At 1. c. 587 the court stated that it was common knowledge that gasoline " * * * or other common run of property customarily purchased at a market price has some value, * * *". In that case the gasoline was not even exhibited to the jury and the court found that even though there was no oral testimony as to value there was sufficient evidence as to that issue to support a conviction for petit larceny.

We hold that the items stolen here, with the possible exception of the notary public seal which was not exhibited to the jury, were of the type and kind from which the jury might well judge from its own inspection, and absent any oral testimony as to

their value, whether or not they were of some value.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.