**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Alphonso LEWIS, Defendant-Appellant.**

**No. 44047.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 1, 1981.

---

Henry Robertson, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Douglas Lind, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant Alphonso Lewis guilty of feloniously stealing over $150 worth of goods from a truck terminal. It fixed punishment at two years in prison; the trial court found defendant was a persistent offender and raised the term to five years. Defendant has appealed.

■ Defendant initially objects to the court giving MAI–CR 2d 2.60, on the ground it tells the jury the term of imprisonment it declares may not be exceeded by the court's judgment. In *State v. Hunter*, 586 S.W.2d 345, 349 (Mo.banc 1979) the court rejected this contention in a case where sentence in excess of the verdict was imposed under the second offender act, Section 558.016 RSMo.1979. So it is here.

■ Two related points in defendant's after trial motion are briefed here: First, that testimony by the carrier victim's manager of the amount it paid the victims was inadequate to show the goods' market value exceeded $150. Second, the carrier's records of value were not, as the trial court ruled, qualified under the business record act.

Defendant has failed to preserve these points for review. This because the two challenged loss claim forms on which the judgment is based, Exhibits 23 and 25, are not included in either the transcript or legal file. That is required by Section 512.110.2, RSMo., and Rules 82.12(b) and 82.14(c). Non-compliance warrants dismissal of the appeal. *Edwards v. Hrebec*, 414 S.W.2d 361 [6–10] (Mo.App.1967) and *Lewis v. Columbia Mutual Insurance Co.*, 588 S.W.2d 161 [1–3] (Mo.App.1979).

"Appellate relief for plain error is discretionary under Rule 27.20(c). It is limited to cases where there is a strong, clear showing of manifest injustice and where there is not, as here, overwhelming evidence of guilt." *State v. Ball*, 591 S.W.2d 715 [3] (Mo.App.1979). On our own motion we will review defendant's points to determine if

admitting the challenged documents constituted manifest injustice as plain error under Rule 27.20(c) V.A.M.R.

The state's evidence of the stolen goods' value came for the carrier's terminal manager, Harry Lockner. He first testified to the pilfered shipments, goods missing according to the shippers' bills of lading and found in defendant's possession: Two cases of shoes shipped by the J. C. Penney Company and one case of clothing shipped by the Crescent Corporation. Penney filed its claim asserting the value of its shoes, based on its attached paid invoice, were worth $146.42; similarly Crescent filed its paid invoice and claim for $218.92, making a total loss of $365.34. Mr. Lockner testified the carrier had paid these sums to the shippers. The two loss claim forms were received and paid by the carrier in the normal course of its business.

The trial court denied defendant's contention the evidence did not show the stolen articles were worth over $150, ruling that the $365.34 paid the shippers plus the jury's view of the recovered goods established the goods' value. In this the trial court relied on *State v. Gibson*, 409 S.W.2d 243 [4] (Mo. App.1966); although that was a misdemeanor case with no testimony of value, the jury viewed the stolen property and the court ruled the jury could make a determination of some value from its examination of the stolen goods.

The trial court's decision as to value over $150 finds more direct support in *State v. Napper*, 381 S.W.2d 789 [1] (Mo.1964). There, the owner testified to the stolen goods' value and the goods were viewed by the jury. The court upheld the felonious conviction. Similarly in *State v. Brewer*, 286 S.W.2d 782 [1, 2] (Mo.1956) the court held an owner may testify to the market value of stolen goods.

■ By his related point defendant claims the court erred in admitting the carrier's records of the victims' claims; this because unqualified under the business records act, Section 490.680 V.A.M.S. That statute declares relevant records kept in the regular course of business are admissible if the custodian testifies to the mode of preparing the records. When that is done admitting the record is discretionary. *Ralston Purina Co. v. Ryder*, 573 S.W.2d 128 [2, 3] (Mo.App.1978). See also *Tri-State Motor Transit Co. v. Navajo Freight*, 528 S.W.2d 475 [3–5] (Mo.App.1975), upholding the admission of the carrier's claim records. There as here the carrier's record keeper promptly prepared claim records in the usual course of business; admitting them into evidence was discretionary. Here, as said, the challenged records were so prepared, fortified by the shippers' documentary evidence of their cost-value.

We hold the trial court did not err in admitting the challenged records as to value and deny defendant's contention the evidence failed to show the stolen goods had a value of over $150.

Judgment affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.