**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Iris J. STULCE, Defendant-Appellant.**

**No. 40657.**

Missouri Court of Appeals,
Eastern District.

Dec. 8, 1981.

Motion for Rehearing and/or Transfer
Denied Jan. 15, 1982.

Application to Transfer Denied
Feb. 16, 1982.

Lester W. Duggan, Jr., St. Charles, for defendant-appellant.

William J. Hannah, Pros. Atty. Charles Bridges, St. Charles, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from her conviction for stealing less than $50,[1] a misdemeanor, and her subsequent sentence of a $500 fine. We affirm.

The evidence supported a finding that defendant took from the cash register of her employer, without authority or permission, a total of $50 which she put into her pocket. Her activities were viewed by closed circuit television. The employee viewing the conduct could see the slot of the cash drawer from which the money was removed but could not see the actual denominations of the bills taken out. Defendant removed four bills from the $10 slot and two from the $5 slot. When confronted by the watching employee, defendant had four $10 bills and two $5 bills in a small box in her jacket pocket.

■ Defendant first contends that the information was inadequate and the court therefore lacked jurisdiction to try her. *See, State v. Hasler*, 449 S.W.2d 881 (Mo. App.1969). Her specific complaint is that the information did not specify the amount of money she was charged with stealing. The information stated that defendant stole "U. S. Currency in an amount less than $50." It is recognized that a stealing case requires allegation and proof that the property stolen has some value. *State v. Gibson*, 409 S.W.2d 243, 245 (Mo.App.1966) [4]; *State v. Stanley*, 123 Mo.App. 294, 100 S.W. 678, 678 (1907) [1]. In a petit larceny case, however, the *specific* value is not a necessary element so long as *some* value is shown. *State v. Gibson, supra, State v. Stanley, supra*. "U. S. Currency" is a term interchangeable with "money", and, like "money", inherently describes something of value. *State v. Darby*, 165 S.W.2d 419, 420 (Mo.1942) [2, 3]. The information was sufficient.

■ Next defendant complains that she was denied her right to a speedy trial. From the date of the offense (and of the original filing of a charge against defendant) until trial, 21 months passed. Such a length of time is not *per se* prejudicial, although in a "relatively uncomplicated" charge such a delay is "presumptively prejudicial." *State v. Black*, 587 S.W.2d 865, 875 (Mo.App.1979) [9]. We therefore examine the circumstances of the delay in light of the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972), *i.e.*: (1) length of delay, (2) reasons for delay, (3) assertion of right to a speedy trial by defendant, and (4) prejudice to the defendant. Defendant did assert her right to a speedy trial within six months after the charge was filed.

■ The reasons for the delay warrant some explanation. The case was originally filed as a misdemeanor in June 1976. Defendant requested and received several continuances, and the matter was set for trial on September 30, 1976, in magistrate court. On the day of trial the state filed a nolle prosequi. This was done because a witness from Colorado was required, and the state decided to refile the case in circuit court to avoid a second trial *de novo* in circuit court and to avoid the expense of bringing the witness twice to Missouri. We do not find this decision unreasonable nor does it evidence a "deliberate attempt to delay the trial in order to hamper the defense." *Barker v. Wingo, supra*, at 531, 92 S.Ct. at 2192. The state then immediately filed a misdemeanor charge in circuit court. This case was set for trial on January 17, 1977. On that day a conference in chambers was held prior to commencement of trial. The court advised counsel that it intended to instruct the jury in such a fashion that if the jury found that defendant stole $50 or more it would acquit defendant of the misdemeanor charge. This was contrary to the provisions of Section 556.210 RSMo 1969 allowing conviction of a misdemeanor where the evidence establishes a felony. The state then nolle prossed the case. Although the state's apparent failure to bring

1. Secs. 560.156 and 560.161 RSMo 1969 in effect at the time of the offense. *Now see Sec.* 570.030 RSMo 1978.

to the court's attention the statutory provision bespeaks some lack of preparation, we cannot conclude that the nolle prosequi evidenced any intent to hamper the defense of defendant. The state immediately filed a felony charge of stealing over $50. That charge was dismissed by the magistrate court following preliminary hearing on May 26, 1977. On June 10, 1977, the information in the present case was filed in circuit court. Thereafter defendant filed several procedural motions which required disposition and several requests for continuances which were granted. The trial occurred on April 17, 1978.

The United States Supreme Court has identified three interests sought to be protected by the right to speedy trial, i.e.: (1) to prevent oppressive pretrial incarceration (defendant was never incarcerated), (2) to minimize anxiety and concern of the defendant, (3) to limit the possibility the defense will be impaired. Of those, the last is of greatest seriousness. *Barker v. Wingo, supra,* at 532, 92 S.Ct. at 2192. Generally, impairment of the defense should be present to warrant dismissal of the charges.

Defendant's claims of prejudice are that she did not remember as clearly at the time of trial the occurrences on the day of the alleged crime as she would have earlier, that she sustained anxiety during the pendency of the case, and that she could not obtain employment. While loss of memory resulting from delay may constitute prejudice in some circumstances (*Barker v. Wingo, supra,* at 532, 92 S.Ct. at 2192; *U. S. v. Kleinbard,* 333 F.Supp. 699, 701 (E.D.Pa.1971) [2] ), we cannot find prejudice here. Defendant offered no evidence at trial. There is no specificity in defendant's claim of memory impairment or any indication of its effect or possible effect on her defense. Anxiety is a consideration in evaluating a claim of denial of a speedy trial, but we do not believe it alone justifies dismissal. Defendant's claim of unemployment was a general conclusion unsupported by specifics or supporting evidence. As with anxiety, we consider the employment feature in determining prejudice but do not find it supports a dismissal in this case.

Having weighed the various factors involved, we conclude that the drastic remedy of dismissal of the charges is not warranted here. The delay while long was not extremely so; it was in part caused by considerations involving the out-of-state witness; in part by the erroneous conclusion of the trial court concerning the law; in part by the peculiar facts which made the crime a misdemeanor or felony depending on the inferences to be drawn from the evidence; and in part by defendant's actions. We do not find that the delay was the product of any deliberate and intentional effort to delay trial to hamper the defense or that it was prejudicial to defendant.

Defendant also contends that the delay should work a dismissal under principles of due process, double jeopardy and estoppel. We find no merit to any of these contentions.

Finally, defendant contends that the prosecutor should have been disqualified because the actions of dismissing and refiling showed bias and prejudice and because a conflict of interest was established. Disqualification of a prosecutor is a matter for the discretion of the trial court. *State v. Newman,* 605 S.W.2d 781, 787 (Mo. 1980) [6, 7]. The circumstances of this case which we have heretofore discussed do not demonstrate that the prosecutor acted out of bias or prejudice. The record does not establish any conflict of interest. The trial court did not abuse its discretion in refusing to disqualify the prosecutor.

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.