**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert BREWER, alias Robert Jones, Defendant-Appellant.**

No. 47957.

Supreme Court of Missouri,

Division No. 1.

Oct. 10, 1960.

Stanford M. Katz, Kansas City, for appellant.

John M. Dalton, Atty. Gen., James E. Conway, Asst. Atty. Gen., for respondent.

HOUSER, Commissioner.

Robert Brewer, alias Robert Jones, was charged with intentionally stealing property of another of the value of $100 without the consent of the owner thereof, an offense punishable by imprisonment in the penitentiary (§§ 560.156 and 560.161),[1] and in the same information was charged under the Habitual Criminal Act (§ 556.280, as amended, Laws 1959, S.B. No. 117, § 1).

Prior to the submission to the jury of the charge of stealing, the circuit judge conducted a hearing without the aid of the jury, resulting in a finding and determination by the judge that defendant previously had been convicted of Breaking Jail and Escaping; that defendant was received at the penitentiary and had served part of his sentence; that defendant's previous sentence was thereafter commuted by the Governor, and that defendant had been discharged.

On the submission of the charge of stealing, the jury found defendant guilty of Stealing over $50. The trial judge fixed his punishment at imprisonment in the penitentiary for a term of nine years. Defendant filed a motion for new trial which was overruled. Defendant has appealed from the judgment of conviction.

█ No brief having been filed by defendant the case is before this Court on the transcript of the record and the State's brief. Our review extends to the essential record and the allegations of error properly preserved in the motion for new trial. Supreme Court Rules 27.20, 28.02 and 28.08,

---

1. All section numbers refer to RSMo 1949, V.A.M.S.

V.A.M.R.; State v. Bryant, Mo.Sup., 319 S.W.2d 635.

In the pre-trial hearing before the circuit judge the State introduced a picture of Robert Brewer, alias Robert Jones, taken at the penitentiary; a transcript of the Missouri State Penitentiary serial record of the defendant and the fingerprints of the defendant taken at the penitentiary. The foregoing was certified in transcript form by the warden of the penitentiary. The transcript tended to show that defendant was convicted in Jackson County of the offense of Breaking Jail and Escaping; that he was sentenced to two years in the penitentiary on October 21, 1957 and received at that institution October 30, 1957 to commence serving his sentence; that he received commutation of sentence by the Governor on December 24, 1958, and was discharged.

At the trial before the jury the State introduced evidence tending to show that on June 21, 1959 Rufus Otwell parked his truck on Summit Street in Kansas City, and stayed all night in a nearby hotel. When he returned to the truck the next morning the spare tire, which had been bolted onto the front end of the truck when Otwell parked it (a newly recapped tire worth $75, containing a tube worth $11, mounted on a wheel worth $20), was missing from his truck. In the meantime a police officer had arrested Robert Brewer, who had been found "prowling" among some trucks in that neighborhood. A truck tire, mounted on a wheel, later positively identified as the missing property of Otwell, was found in the trunk of the defendant's automobile, which had been parked in the vicinity.

Defendant did not take the stand or offer any evidence.

■ Section 560.156 subd. 2 makes it unlawful "to intentionally steal the property of another, * * * without his consent * * *." "Steal" is defined in subd. 1 (2) as meaning "to appropriate by exercising dominion over property in a manner inconsistent with the rights of the owner," inter alia, by taking possession of his property. Section 560.161, subd. 1(2) prescribes the penalty for conviction of Stealing where the "value of the property stolen is at least fifty dollars." The information charged that defendant did "unlawfully, feloniously and intentionally steal certain property, to wit: One (1) Kelly Truck Tire and wheel, 9:00 x 20 size, serial #R 85127F, of the value of One Hundred ($100.00) and no/100 Dollars; the property of Rufus E. Otwell, without the consent of the owner thereof; against the peace and dignity of the State." This is a plain, concise and definite statement of the essential facts constituting the offense, as required by Supreme Court Rule 24.01. It informed the defendant with reasonable certainty of the offense with which he was charged. From its allegations the admissibility of evidence could be determined. A conviction under this information would bar another prosecution for the same offense. The information is sufficient to charge the offense of intentionally stealing the property of another of the value of at least $50, without his consent.

The information charged defendant under the Habitual Criminal Act (§ 556.280, as amended, Laws 1959, S.B. No. 117, § 1). That Act applies to felony convictions after having been previously convicted of an offense punishable by imprisonment in the pentitentiary wherein the person convicted was "sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor * * *." The information charged that defendant "on the 21st day of October, 1957, at the County of Jackson, State of Missouri was then and there convicted of a felony, to wit: Breaking Jail and Escaping and was sentenced therefor to serve a term of 2 years in the Missouri State Penitentiary at Jefferson City, Missouri, that he was received at said penitentiary on the 30th day of October, 1957, and that thereafter on December 24, 1958, he was discharged from said penitentiary under commutation of sentence by Gover-

nor Blair * * *." The information is sufficient under the Habitual Criminal Act.

■ The verdict of the jury ("We, the jury, find the defendant, Robert Brewer, alias Robert Jones, guilty of Stealing over (fifty) $50.00. /s/ Harold E. Atkinson, Foreman") does not expressly show on its face that the jury found defendant guilty of stealing the property of another of the value of at least fifty dollars, but this does not constitute reversible error for the reason that in the light of the record the meaning of the verdict is not subject to reasonable doubt. By referring to the information, the evidence, §§ 560.156 and 560.161 under which defendant was prosecuted, and the instructions of the court, 52 C.J.S. Larceny § 155, p. 1013, it is beyond cavil that defendant was charged, tried and convicted of stealing property of another of the value of at least fifty dollars; that the only question for the jury to determine was whether defendant was guilty or not guilty of stealing the precise property described in the information; that there was no evidence that defendant stole any property other than the tire, tube and wheel; that the jury found that defendant was guilty and that the value of the property stolen was in excess of fifty dollars. Under these circumstances the verdict is sufficient to sustain the judgment rendered. State v. Jacobs, Mo.Sup., 321 S.W.2d 450, and cases cited, loc. cit. 452. It would be preferable to use the following form of verdict of guilty in such cases: "We the jury, find the defendant guilty of stealing the property of another of the value of at least fifty dollars, as charged in the information."

The trial judge assessed a punishment within the maximum permissible limits fixed by the penalty section relating to stealing, § 560.161, subd. 1(2), and under the provisions of the Habitual Criminal Act, § 556.280, as amended, Laws 1959, S. B. No. 117, § 1. Defendant was present in court, in person and by his attorney, at the time judgment was rendered. He was duly accorded allocution and duly sentenced. He was heard on a motion for a new trial. All of the requirements of Supreme Court Rules 27.08, 27.09 and 27.10 were met.

The essential record disclosing no error, we turn to the allegations of error in the motion for new trial:

"1. The Court erred in not permitting the jury to determine sentence of the defendant after their finding of guilty."

■■ Ordinarily where there is a verdict of conviction for an offense as to which there is an alternative or discretion to be exercised as to the kind or extent of punishment to be inflicted, it is the function of the jury to assess and declare the punishment and the function of the court to render judgment according to the jury's verdict (§ 546.410; Supreme Court Rule 27.02), but there are exceptions. This case falls within one of the exceptions, namely, cases filed under the Habitual Criminal Act (§ 556.280, as amended, Laws 1959, S.B. No. 117, § 1), which specifically provides that if the subsequent offense be one punishable as to first offenders by imprisonment in the penitentiary, the person convicted "shall receive such punishment provided by law for the subsequent offense as the trial judge determines * * *." No constitutional question is raised. Defendant has not pointed out wherein the court erred. The court followed the newly prescribed procedure literally. We find no error in the action of the Court.

"2. The court erred in receiving information about previous offenses of the defendant which were not felonies, over the objection of the defendant."

■ State's Exhibit 1, the warden's certified transcript, under the space provided for "Former Imprisonment," shows the following: "#28637 U.S.D.B. Ft. Leavenworth Kans." In the entire record there is no other reference to any other previous offenses, convictions or detentions. When the warden's transcript was

offered in evidence, defendant's counsel objected to its admission on the sole ground that the Habitual Criminal Act "came into effect subsequent to the commission of the alleged crime on the 22nd day of June, 1959." That objection was overruled, and the transcript was admitted in evidence. No complaint was made in defendant's motion for new trial of the action of the court in this respect. That point, therefore, has been abandoned. State's Exhibit 1 was not objected to on the ground now asserted. Accordingly, that point has not been preserved for appellate review.

"3. The Court erred in not instructing the jury on the offense of Stealing Under Fifty Dollars as requested by the defendant."

■ The owner of the property, a competent witness as to its reasonable market value, State v. Brewer, Mo.Sup., 286 S.W. 2d 782, testified that the tire was worth $75, the wheel $20 and the tube $11. Extensive cross-examination did not shake his testimony as to values, and there was no other evidence as to values. Specifically, there was no evidence that the property was of the value of less than $50. At all times in question the tube was in the tire, the tire was mounted on the wheel, and the three were together as a unit. The testimony all tended to prove one offense. The only question was whether defendant was guilty of stealing property of another of the value of more than $50. Defendant was either guilty of that offense, or he was not guilty at all. State v. Wells, Mo.Sup., 234 S.W. 825. Under the evidence the court would not have been justified in instructing on the offense of stealing property of the value of less than $50.

"4. The instructions given by the Court were improper and prejudicial to this defendant."

■ Because of its generality this assignment preserves nothing for review. Under both the Supreme Court Rule 27.20 (a) and § 547.030 the specific grounds for a new trial must be set forth in detail and with particularity.

"5. The Court erred in that the sentence imposed by the Court was excessive under the circumstances."

■ Where, as here, the punishment assessed is within the limits prescribed by law (imprisonment in the penitentiary "for not more than ten years nor less than two years," § 560.161), it may not be adjudged excessive except upon a proper showing. State v. Burchett, Mo.Sup., 302 S.W.2d 9, and cases cited. Defendant points out no reason for the claim of excessiveness, and we find none apparent in this record.

The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.