**STATE of Missouri, Respondent,**

v.

**Glenn Edward MITTS, Appellant.**

No. 48239.

Supreme Court of Missouri,

Division No. 1.

June 12, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied July 10, 1961.

Schrader & Schrader, Earl H. Schrader, Jr., Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

The defendant, Glenn Edward Mitts, was charged with stealing property having a value of more than $50. See Sections 560.-156 and 560.161 (unless otherwise indicated all statutory references are to RSMo 1959, V.A.M.S). The amended information also charged three prior felony convictions. In accordance with the provisions of Section 556.280 the trial court heard evidence outside the presence of the jury and found that defendant had been priorly convicted of said felonies as charged. The trial resulted in a verdict of guilty and the court fixed the punishment of defendant at imprisonment in the penitentiary for a term of four years. Section 556.280(1). Defendant has duly appealed from the ensuing judgment and sentence.

The sole point raised by defendant upon this appeal is that the evidence was not sufficient to support the verdict. In determining the sufficiency of the evidence "we consider as true the evidence favorable to the State and the favorable inferences reasonably to be drawn therefrom and disregard all evidence and inferences to the contrary." State v. Reece, Mo.Sup., 324 S.W.2d 656, 658.

Defendant was charged with stealing four pieces of luggage from Emery Bird Thayer Dry Goods Company in Kansas City, Missouri. There is no contention that he actually removed the luggage from the store. As hereinafter stated, there was testimony that the luggage was taken from the store by two unidentified men and that defendant was the driver of the so-called "get-away" car. In that connection we have recently stated that "a person who aids and abets the commission of a criminal offense is guilty as a principal without a showing of conspiracy." State v. Slade, Mo.Sup., 338 S.W.2d 802, 805.

Betty Ballinger testified that she was employed in the Emery Bird Store located on the Plaza; that on Saturday, September 12, 1959, she was in charge of the cash register and desk in the gift department; that the luggage department was a part of the gift shop; that on the occasion in question "I was standing at my desk, working, and I heard quite a noisy commotion at the front of the store, and when I looked up there were two men standing in the front entrance of the store, both wearing suits, and as I watched the second man reached waist high and picked a piece of luggage out of the display rack, and I looked back down at the gift wrap I was working on, and when I looked up again they were heading out the front door and each had a piece of luggage in either hand. * * * I started from around my desk towards the front of the store, and, of course, they

were 40 feet ahead of me all the time, and I walked on up to the front of the store and went on out to the curb but the car was gone by then." This witness also testified that no luggage was sold or exchanged that day.

Another employee of the store, Virginia Bowlin, testified as follows:

"I was helping a customer in the front, right in front of the windows, and we were startled by a loud noise banging against the inner doors. There are two sections of doors, and there was a loud banging noise, and we looked up, the customer and I, and we saw two men, each with a carrying case of luggage and a Pullman case in their hands, and they hit them against both doors and banged them across the car in front of the store.

"Q. Could you see them going all the way out? A. Yes, I did.

"Q. Did you look to see where they were going? A. Yes, I did.

"Q. What did you see then? A. I saw them bang this luggage across the back of the car directly in front of the window, and then they put it in the car and I—

"Q. Put it in what car, ma'am? A. The car that was parked parallel with the one in front of the store.

"Q. Was that car parked next to the curbing? A. No, sir, there was a car parked next to the curb and they hit the luggage across that one, and their car was parked next to it.

"Q. Would you say it was double-parked? Is that what you mean? A. Yes, sir.

"Q. Did you see anyone in that car that was double-parked there? A. Yes, I did.

"Q. And where was this person sitting in the car? A. Behind the steering wheel.

"Q. And were you where you could see this person? A. Yes, I could see him plainly. The car was just a little bit ahead of the one parked and I could see him clearly, just like a picture in a frame, I could just see him directly in front of me.

"Q. Do you see that man here in the courtroom today? A. Yes, I do.

"Q. You are indicating the defendant? A. Yes, sir."

This witness also testified that she indentified defendant in a lineup at the police station two days later; that the four pieces of luggage taken were "Skyway" brand cases and the retail price of each was $39.95, $34.95, $27.95, and $20.

Defendant did not testify. The only evidence offered by him was the testimony of his wife who stated that defendant was at home all day on September 12, 1959 and "didn't leave the house."

The contention of defendant concerning the insufficiency of the evidence is based primarily upon the assertion that "the State wholly failed to prove that Emery Bird Thayer Dry Goods Company suffered the loss of four suitcases." It seems to be his position that the loss of the cases should have been shown by an inventory disclosing that there were four less cases in stock after the occurrence in question than there were previously. We do not agree with that contention. It is our view that the jury reasonably could have found from the foregoing testimony that the two men stole the four cases from the stock of Emery Bird Thayer. Our conclusion is based upon the following: (1) One of the men was seen taking one of the cases from a display rack, (2) all four pieces were apparently new and were of the brand handled by the store, (3) the men left the store in great haste as indicated by the fact that they "banged" the luggage against both sets of doors in the entrance lobby and against a car parked at the curb, and (4) after entering the "double-parked" car

with the luggage the vehicle was quickly driven away. While it would have strengthened the State's case to have shown by an inventory that four pieces of luggage disappeared from the Emery Bird stock on the day in question, we do not think that type of proof was essential in order to make a submissible case. The evidence to the effect that those men took the four cases from the store under the circumstances heretofore outlined was sufficient to reasonably warrant a jury finding that said items of luggage had been taken from the stock of the store.

We are also of the opinion that the testimony that defendant was driving the "double-parked" car and quickly drove it away after observing his passengers leaving the store with the luggage in the manner heretofore described was sufficient evidence from which the jury reasonably could have found that he was aiding them in the commission of the crime and would support a finding of his guilt as a principal.

We accordingly rule that the evidence was sufficient to support a verdict that defendant was guilty of stealing the luggage heretofore described.

In reviewing the record we note that the verdict of the jury was as follows: "We, the jury, find the defendant, Glenn Edward Mitts, guilty of stealing over $50.00." Upon its face the verdict is not correct as it does not state that the jury found defendant guilty of stealing *property of the value of* over fifty dollars. However, in the recent case of State v. Brewer, Mo. Sup., 338 S.W.2d 863, the defendant was charged with stealing certain personal property and the verdict (except for defendant's name) was in the exact language as the instant one. In considering the verdict in Brewer we held it did not constitute reversible error because a reference to the information, evidence and instructions showed beyond any doubt that the defendant was charged, tried and convicted of stealing property of the value of more than fifty dollars. That ruling is controlling here.

An examination of the remainder of the record as required by S.C. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.