STATE of Missouri, Respondent,

v.

Robert Augustus PINKERMAN, Appellant.

No. 48440.

Supreme Court of Missouri,

Division No. 1.

Oct. 9, 1961.

James L. McMullin, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., for respondent.

HOUSER, Commissioner.

Robert Augustus Pinkerman, charged under §§ 560.156 and 560.161, RSMo 1959, V.A.M.S., with stealing property of the value of more than fifty dollars and in the same information charged with four prior felony convictions, was convicted of "Stealing over $50." Punishment was assessed at a term of four years in the penitentiary. Defendant appealed but filed no brief, so we examine the assignments of error in defendant's motion for a new trial. Supreme Court Rule 28.02, V.A.M.R.

■ First, appellant contends "That the verdict is contrary to the law and the evidence." This assignment is too general to preserve anything for appellate review under Supreme Court Rule 27.20, V.A.M.R. State v. Townsend, Mo.Sup., 327 S.W.2d 886, 887; State v. Alberson, Mo.Sup., 325 S.W.2d 773, 775; State v. Duncan, Mo.Sup., 316 S.W.2d 613, 615; State v. Mace, Mo. Sup., 295 S.W.2d 99, 103.

■ Second, appellant complains "That the court misdirected the jury in a material order (sic) of law, to wit: The instructions which were ambigious (sic) misleading and confusing and did not state the law properly." This assignment, likewise, is too general to preserve anything for appellate review. State v. Johnstone, Mo.Sup., 335 S.W.2d 199, 205; State v. White, Mo.Sup., 301 S.W.2d 827, 830; State v. Johnson, Mo.Sup., 286 S.W.2d 787, 791; State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, 309.

■ Appellant's chief reliance is the third and last assignment in his motion for new trial, namely, that he has newly discovered evidence. At the trial the state presented evidence tending to prove that appellant and two other men stole four pieces of luggage from Emery Bird Thayer Dry Goods Store in Kansas City between 3:00 and 3:30 o'clock p. m. on September 12, 1959. For a more thorough recital of the surrounding facts see the opinion of this Court in a companion case, State v Mitts, Mo.Sup., 347 S.W.2d 677.

The defense was that of alibi: that appellant was at a tavern during the time of the theft. In support of the defense of alibi the bartender and a barmaid testified at the trial that appellant was at the tavern from about 2:45 until 4 o'clock that afternoon. They said one Morris Rosen had brought some fish to the tavern, and that Rosen was having a barbecued fish fry there; that appellant, the barmaid and others were sitting around in the tavern, drinking beer and eating fish at the time of the theft. The State sought to impeach the alibi witnesses by offering the testimony of a city detective that he went to the tavern around 3:30 or 3:40 p. m. on that day looking for appellant, having been notified to "pick up" appellant and his accomplices; that he stepped inside the door of the tavern, looked around, and that appellant was not in the tavern. He saw the barmaid, but did not see appellant, nor did he see the bartender then or later in the afternoon, at 5:30 o'clock, when he re-entered the tavern.

Appellant's motion for new trial listed the names of four persons (Rosen, Blackford, Brown and Vanderventer) who would testify in support of appellant's alibi that they were all present with appellant at the tavern at the time of the theft. It was alleged that this evidence was unknown and unavailable to appellant at the time of trial and was just obtained, after due diligence, and that the motion would be supported by affidavits endorsed at the hearing of the motion or by the actual testimony of these witnesses.

When the motion came on for hearing no affidavits were produced and none of the four witnesses was produced to testify. Appellant's counsel made an open court argument, which he prefaced by asserting that after the trial he had "done some more digging to further establish that the defendant was there and further to attack

the credibility of this police officer." He stated that he had been able to locate one Blackford, who was at the tavern all afternoon and who would testify that the defendant was there at that time; that Brown would testify that he was at the tavern all afternoon and that he saw appellant there some time that afternoon; that he had finally found Morris Rosen, after trying "extremely hard prior to the trial," and that Rosen would substantiate the alibi. Nothing was said about the fourth new witness named in the motion, one Vanderventer. The court overruled the motion for new trial, indicating by remarks from the bench that this was not newly discovered evidence; that the defense knew of these matters before trial; that the preparation of the defense of alibi should have been made ahead of the time of trial, and that the proposed new evidence was to be used for impeachment rather than to establish an alibi.

■ In order to secure a new trial on the ground of newly discovered evidence it devolved upon appellant to show that the evidence first came to his knowledge after the trial; that it was not due to lack of diligence that it did not come sooner; that it was so material that it would probably produce a different result on a new trial; that it was not merely cumulative; that the object of the testimony was not merely to impeach the character or credit of a witness, and the affidavit of the witness himself should be produced, or its absence accounted for. State v. Brotherton, Mo.Sup., 266 S.W.2d 712, 718. Appellant did not comply with these requirements. No affidavits of any of the four witnesses were filed, and there is nothing to account for the absence of the affidavits. There was nothing before the court but the unverified allegation of the motion for a new trial and the unsworn statement of counsel in open court, as to what these witnesses would say. The names of two of the "new" witnesses (Blackford and Rosen) had cropped up during the trial. Before trial time appellant apparently knew or had informa-

tion that Blackford and Rosen had been present at the fish fry. There is nothing to show the exercise of diligence other than the statement of the conclusion that counsel "tried extremely hard" to find Rosen. Counsel for appellant admitted that he and appellant knew about Brown prior to the trial, but gave as an excuse for not subpoenaing Brown to attend the trial that Brown did not remember having seen appellant at the fish fry. Now appellant wants a new trial in order to introduce Brown's testimony, by which he says he can "tear up" the detective's testimony that he stepped into the tavern at 3:40 p. m. and saw neither defendant nor the bartender. Counsel for appellant also told the court that "these witnesses" could "knock for a loop" the testimony of the detective; that "the officer's testimony is the basic thing of conviction, * * * That is the whole gist of this lawsuit. Here is a man who is going to face a penitentiary sentence unless he gets a new trial to show the police officer is an unmitigated liar, and I have no hesitancy at all in calling him an unmitigated liar." One of appellant's avowed purposes in asking for a new trial is to use these witnesses to impeach the detective's credit. Newly discovered *impeaching* testimony is not sufficient to warrant the granting of a new trial. State v. Brotherton, supra; State v. Hewitt, Mo.Sup., 259 S.W. 773, 782; State v. Page, Mo.App., 192 S.W.2d 577, 579. The testimony of Blackford and Vanderventer, apparently, would be merely cumulative to other testimony offered by defendant in support of his defense of alibi. Newly discovered *cumulative* evidence is not sufficient to warrant the granting of a new trial. State v. Whitaker, Mo. Sup., 312 S.W.2d 34, 41; State v. Green, Mo.Sup., 305 S.W.2d 863, 873; State v. Eno, Mo.Sup., 313 S.W.2d 720, 722.

■ There is no insufficiency in the information, judgment and sentence, upon the record before the Court. The verdict is incorrect in form because it does not state that the jury found appellant guilty of stealing *property of the value of* over fifty dol-

lars, but the error is not reversible because the information, evidence and instructions show beyond any doubt that appellant was charged, tried and convicted of stealing *property of the value of* more than fifty dollars. State v. Mitts, supra; State v. Brewer, Mo.Sup., 338 S.W.2d 863.

The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.