STATE of Missouri, (Plaintiff) Respondent

v.

Edward R. GISH, (Defendant) Appellant.

No. 31109.

St. Louis Court of Appeals.

Missouri.

Oct. 15, 1963.

Rehearing Denied Nov. 15, 1963.

Granville E. Collins, Fulton, and Alan G. Kimbrell, St. Louis, for appellant.

Donald E. Dalton, Pros. Atty., St. Charles, for respondent.

ANDERSON, Judge.

Defendant was tried on an information charging him with careless and reckless driving in violation of § 304.016, subd. 4 (1) RSMo 1959. He was found guilty and a fine of $50.00 was assessed against him. From the judgment on the verdict defendant has appealed.

The information alleged that "Edward Rutledge Gish, on the 18th day of September, 1960, in the County of St. Charles, State of Missouri, did then and there wilfully and unlawfully drive and operate a motor vehicle, to wit: a 1957 Oldsmobile Sedan over and upon U. S. Highway #40, a public highway of the State of Missouri,

in a careless and reckless manner, and in a manner so as to endanger the life and limb of the public, in that he did drive said motor vehicle to the left side of the roadway when approaching the crest of a grade of the highway, when his view was obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

The statute involved [§ 304.016, subd. 4 (1) RSMo 1959] reads as follows:

"4. No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"(1) When approaching the crest of a grade or upon a curve of the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction."

Appellant's first contention is that the evidence was insufficient to support the conviction. It will, therefore, be necessary to review the evidence offered by the State in support of the charge.

Plaintiff's only witness was the arresting officer Donald J. Medley, who was an officer of the Highway Patrol. He testified that on September 18, 1960, he was on Highway 40–61 in the vicinity of the Daniel Boone Bridge, which spans the Missouri River between St. Louis County and St. Charles County. The highway runs in an east and west direction. Daniel Boone Bridge is about twenty miles east of Wentzville, Missouri. The highway has a concrete surface approximately twenty-one feet wide.

At about 11:30 P.M., on the date in question, the witness was traveling west on the highway in a line of traffic going in that direction. Heading this line of traffic was a tractor trailer, next in line was the car of defendant Gish, then another automobile,

and directly behind this other vehicle was Officer Medley. Defendant Gish was driving an Oldsmobile. Medley further testified that the alleged violation occurred on a hill immediately east of a location on the highway known as the Dardenne Flats. To the west of the crest of this hill, there is a level stretch, then a slight dip in the road, followed by another level stretch, and another dip in the road into the Dardenne Valley. According to the testimony of Officer Medley, defendant pulled out of the line of traffic and entered the left (south) lane of the highway to pass the trailer tractor near the crest of the hill. At the point where defendant turned out, there are double yellow lines painted on the highway. These yellow lines run all the way to this Dardenne Valley, or a distance of approximately 1500 feet. It took about 1000 feet for defendant to complete the pass.

Medley further testified that he and the prosecuting attorney visited the scene of the alleged violation and checked the traffic traveling from west to east. They stood on the north side of the highway, opposite the point where defendant had crossed over into the left lane of the highway at the time in question. He stated that at that point, an automobile traveling east in the first dip over the crest of the hill would not be visible; that "You lose sight of the automobile * * * for approximately six seconds". He further testified that, standing at the same place, "we lose sight of automobiles in the Dardenne Valley for approximately sixteen seconds".

On cross-examination Medley testified in effect that, the time a car would not be visible at the points in question would depend upon the speed of the car; that the test was made during daylight hours.

Medley traveled this portion of the highway about fifty times a week.

On redirect examination, Medley testified that the pavement in the two "dips" was not visible from the point of passing on the night in question.

The defendant testified that he passed the truck on a different hill, east of the hill referred to by Medley in his testimony. He further testified that if he was driving his car at the point where Medley said the pass began, he would assume he could not see a car beyond the crest of the hill because there was a yellow line there, which he saw that night.

Defendant contends there was insufficient evidence to support the conviction because the state failed to prove that defendant's view was so obstructed that his pass constituted a hazard to oncoming traffic.

The first point made under this assignment is, that the court should not, in passing on the question, consider the testimony that defendant crossed the yellow line for the reason that such testimony did not tend to show a violation of § 304.016, subd. 4(1) RSMo 1959, the section of the statute under which defendant was prosecuted. A number of reasons are advanced in the argument in support of this point which are very interesting. However, we will refrain from ruling on the point for the reason that, in our judgment, the state made a case independent of this testimony.

As heretofore stated there was testimony that subsequent to the date of his arrest, Officer Medley and the Prosecuting Attorney went to the scene of the alleged violation. While standing on the shoulder of the highway, they observed that traffic coming from the west was, at certain points, not visible over the crest of the hill where defendant crossed to the left lane, nor in the Dardenne Valley, which was over the crest of the second hill. His testimony was, that in the first dip the approaching automobile would not be visible for approximately six seconds, and not visible in the Dardenne Valley for approximately sixteen seconds. It will be remembered that the evidence further shows that defendant remained on the left side of the highway while going over the first crest, then into the dip in the roadway, and up and over

the second hill, a total distance of 1000 feet.

Defendant contends that the foregoing evidence has no evidentiary value because (1) the test took place during the daylight hours, (2) the speed of none of the cars observed was shown, (3) the condition of visibility and the weather on said occasion was not shown, and (4) the experimentors were not standing on the highway.

■ In determining the relevancy and sufficiency of experimental evidence, the rule seems to be that substantial similarity in essential particulars is all that is required, and any such differences in conditions are for the jury in evaluating the weight to be given such evidence. Faught v. Washam, Mo., 329 S.W.2d 588, l. c. 598.

■ We believe that the differences in the conditions at the time of the alleged violation and at the time of the experiment were not so great as to require a holding that the testimony with reference to the latter was not substantial evidence. It is true that the observations of Medley and the Prosecuting Attorney were made during the daylight hours, while the alleged violation of the statute by defendant occurred at night. We agree with respondent that the difference between day and night does not change the curvature of the surface of the earth, nor the hills thereon. The statute makes it an offense to pass where the driver's view is obstructed so as to create a hazard in the event another vehicle *might* approach from the opposite direction. It is the view of the approaching car, and not a view of the reflection of lights from an approaching car, a most deceiving phenomenon, which is the important consideration. Otherwise you would have one law for the daytime and another for the nighttime, which in our judgment, was not the legislative intent. Furthermore, there might be cars approaching without headlights, or headlights so dim there would be no reflection visible over the crest of the hill. The other differences in conditions certainly cannot be said to be of a substantial character.

■ The testimony of Trooper Medley that, on the night in question, when he reached the point where defendant pulled into the left lane, he could not see the pavement in the first dip over the crest of the hill, though of slight probative value, was substantial evidence to be considered by the jury along with the other evidence in the case. In our opinion, the court did not err in refusing to direct a verdict of acquittal in this case.

Appellant's final contention is that a new trial should be granted on the ground of newly discovered evidence. This newly discovered evidence consists of alleged inconsistent statements contained in a deposition of plaintiff's witness, Trooper Medley, in a deposition taken in another case. This deposition was taken November 22nd, 1961, after the appeal was taken in the case at bar. The matter, therefore, could not have been presented to the trial court.

By Rule 28.18 of the Rules of Criminal Procedure, it is provided that the Rules of Civil Procedure governing practice and procedure in the Appellate Courts shall govern the practice and procedure in said Appellate Courts in criminal cases, except Rules 82.16, 83.06(b) and 83.17.

■ Civil Rule 83.13 provides that apart from questions of jurisdiction of the trial court over the subject matter and questions as to the sufficiency of the pleadings to state a claim upon which relief can be granted, or a legal defense to a claim, the appellate court shall not consider matters except such as have been presented to or expressly decided by the trial court. We, therefore, cannot order a new trial by reason of the alleged newly discovered evidence.

■ Furthermore, aside from the above rule it has been held many times that newly discovered evidence, that is merely impeaching in character, does not warrant the

granting of a new trial. Davis v. Illinois Terminal R. Co., Mo., 326 S.W.2d 78; Hayes v. Adams, 241 Mo.App. 560, 244 S. W.2d 123; Ragsdale v. Tom-Boy, Inc., Mo. App., 317 S.W.2d 679.

Finding no reversible error in the record the judgment is affirmed.

RUDDY, P. J., and WOLFE, J., concur.