**STATE of Missouri, (Plaintiff) Respondent,**

v.

**Dr. Edward Rutledge GISH, (Defendant) Appellant.**

No. 31495.

St. Louis Court of Appeals.

Missouri.

March 17, 1964.

Rehearing Denied April 13, 1964.

John M. Cave, Fulton, for appellant.

Donald E. Dalton, St. Charles, Robert Hoelscher, Pros. Attys., Warrenton, for respondent.

WOLFE, Judge.

The defendant-appellant was charged, under Section 304.010, subsection 2(3), RSMo 1959, V.A.M.S., with driving a motor vehicle faster than 65 miles per hour over an undivided federal highway in the County of St. Charles, Missouri, between one-half hour after sunset and midnight on September 18, 1960. The case went to Warren County on a change of venue and was tried in the Circuit Court of Warren County to a jury. There was a verdict of guilty, and punishment was assessed at a fine of $100. After a motion for a new trial was overruled, defendant was granted allocution and judgment and sentence were pronounced. The defendant appeals.

The State's evidence consisted of the testimony of the arresting officer, Missouri State Highway Patrolman Donald J. Medley. He testified that he was patrolling Highway 40–61 in St. Charles County. This is an undivided two-lane federal highway, one lane for eastbound and one lane for westbound traffic. His car was a 1960 Dodge with a calibrated-speedometer which had been checked for accuracy both before and after the occurrence here in question. By both checks it was accurate to the mile through speeds of 45 to 80 miles per hour.

Between eleven and twelve o'clock at night he was driving the patrol car westwardly on Highway 40–61 in St. Charles County, when his attention was attracted to the defendant's car. It was traveling ahead of him behind a tractor-trailer, and it turned out of the westbound lane into the

eastbound lane to pass the tractor-trailer ahead. The patrolman turned out in pursuit of the defendant's car, and maintaining a fixed distance behind it he began clocking its speed. For about a mile he checked the speed of the defendant's car, and it was traveling at 80 miles per hour. He then speeded up the patrol car, turned on a red light, and signaled the driver to go over to the shoulder of the road. He stopped behind the defendant's car. He said that the stop was made about one-half mile east of where Highway N intersects Highway 40–61. Here he made the arrest and took the defendant to the Sheriff's office in St. Charles.

The defendant testified on direct examination that at no time did he travel in excess of 65 miles per hour over the stretch of highway in question. He stated that the last vehicle he passed before being stopped by the officer was a cattle truck and not a tractor-trailer. He was asked on cross-examination how fast he traveled as he passed the vehicle, and he said at least 70 miles per hour.

■ The first point raised by the appellant is that the court should have directed a verdict for the defendant, as the State's evidence was not sufficient to prove the defendant guilty beyond a reasonable doubt. He contends that because of the speed and the distances testified to by the arresting officer, defendant's car could not have been stopped by the officer at the point where the officer said it was. Counsel for the defendant cross-examined the arresting officer as to the location of various landmarks in the area of the pursuit and arrest. He elicited from the officer estimates of the distances between the landmarks. He seeks, by applying such distances to the speeds the car was traveling, to show that the arrest must have taken place one-half mile beyond the place where the officer stated that the defendant's car was stopped by him. It is, of course, of no material significance where the arrest was made if the defendant did, in fact, exceed the speed limit. Any discrepancies as to the place where the arrest was made might possibly go to the credibility of the testimony of the officer, but whether or not he was to be believed was for the jury to determine.

The second point raised is that the court erred in permitting the State to question the defendant about his speed at a time and place different from the evidence offered by the State, "thereby permitting defendant to be cross-examined beyond the scope of his direct examination, and allowing defendant to be convicted solely on his own testimony."

■ Section 546.260, RSMo 1959, V.A. M.S. provides that a defendant who testifies in his own behalf "shall be liable to cross-examination, as to any matter referred to in his examination in chief * *." The defendant here had testified on direct examination that he at no time exceeded a speed of 65 miles per hour after entering an area known as Dardenne Flats. On cross-examination he was asked how fast he was traveling at the time he passed the truck. He stated that he was going at least 70 miles per hour. It was the view that the officer had of the defendant passing the truck on a hill that caused him to take up the pursuit of the defendant, and it was related to the matter upon trial. The prosecution is not confined to a mere categorical review of the evidence given by defendant on direct examination. He may be examined in detail as to matters generally referred to in his examination in chief. State v. Scown, Mo.Sup., 312 S.W.2d 782; State v. Hartwell, Mo.Sup., 293 S.W.2d 313; State v. Kaufman, Mo.Sup., 254 S.W.2d 640. We find no merit in this point.

■ The third point raised is that the court erred in giving Instruction No. 5, which is as follows:

"The State of Missouri by information, charges the defendant, Edward Rutledge Gish, with the offense of speeding. Defendant pleads not guilty and it is upon the question of this

defendant's guilt or innocence that you are now to pass.

"If you find and believe from the facts and circumstances in evidence in this case, beyond a reasonable doubt, that the defendant Edward Rutledge Gish, on or about September 18, 1960, in the County of St. Charles, State of Missouri, did then and there wilfully and unlawfully drive and operate a motor vehicle, to-wit: a 1957 Oldsmobile Sedan, over and upon U. S. Highway #40–61, an undivided Federal Highway, faster than 65 miles per hour during the hours for which lighted lamps are required by law, that is at any time from a half hour after sunset to a half hour before sunrise, you will find the defendant guilty of speeding as charged.

"Unless you so find the facts, you will find the defendant not guilty of speeding."

The instruction is in proper form, and the only error claimed is that there was not any evidence to support it. This we have covered in what we have heretofore said in relation to the first point raised. It follows that this point is also without merit.

■ The last point raised is that the court erred in failing to grant a new trial on newly discovered evidence. This neither merits nor demands our attention. The rule as to granting a new trial upon such ground is set out in State v. Jones, Mo. Sup., 221 S.W.2d 137, 1. c. 138, wherein the court said:

"This court has on different occasions approved the rules laid down in Berry v. State, 10 Ga. 511, in respect to new trials on the ground of newly discovered evidence, to wit, 'that the evidence has come to the knowledge of the applicant since the trial; second, that it was not owing to the want of due diligence that it did not come sooner; third, that it is so material that it

would probably produce a different result if the new trial were granted; fourth, that it is not cumulative; fifth, the affidavit of the witness himself should be produced or his absence accounted for; sixth, that the object of the testimony is not merely to impeach the character or credit of a witness.' "

The motion in question was heard with great patience by the trial judge and properly overruled, for it lacked every one of the elements required for granting a new trial upon the ground stated. State v. Gish, Mo.App., 371 S.W.2d 654; State v. Page, Mo.App., 192 S.W.2d 577; State v. Gibbs, Mo.Sup., 186 S.W. 986.

There are no prejudicial errors in this record, and the judgment is affirmed.

RUDDY, P. J., and FRANK W. HAYES, Special Judge, concur.

ANDERSON, J., not participating.