**STATE of Missouri, Respondent,**

**v.**

**Melvin MELLER, Appellant.**

**No. 50659.**

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1964.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Gary A. Tatlow, Asst. Attys. Gen., Jefferson City, for respondent.

Curtis J. Quimby, Jefferson City, for appellant.

PRITCHARD, Commissioner.

Defendant was on December 5, 1963, convicted by a jury of the crime of stealing, as alleged in the information, a whitefaced steer of the reasonable value of $206.00, the personal property of George Seitz. A prior felony conviction and sentence and imprisonment therefor was also alleged in the information, which was admitted by defendant in person and by his counsel in open court. Thereupon the court made a finding that defendant was a person described in the Habitual Criminal Act, § 556.280, RSMo 1959, V.A.M.S., and that he should be tried accordingly.

After the verdict of the jury was received and on the same day the court made an assessment of defendant's punishment at eight years. On December 12, 1963, defendant under apparent erroneous impression as to the court's procedural action in *assessing* punishment (which is required by said Habitual Criminal Act) moved to vacate judgment and sentence under Supreme Court Rule 27.26, V.A.M.R., stating the reason therefor his belief that judgment had been entered and sentence passed which barred his right to file a motion for new trial. A motion for new trial was actually timely filed. We shall disregard the motion to vacate judgment and direct our review toward the matters properly preserved in defendant's motion for new trial, and parts of the record specified in Supreme Court Rules 28.02 and 28.08, V.A.M.R., inasmuch as defendant has filed no brief herein.

The evidence relating to the theft charged against defendant is that George Seitz operated a farm in Cole County, near Centertown, Missouri, upon which he was raising cattle and hogs in March, 1963. On March 17, 1963, he had twenty head of whiteface cattle and a calf in his barn. A few days later he checked and a reddish whiteface steer was missing, weighing about 1100 pounds, worth more than $206.00. He did not give anybody permission to take the steer from his farm. The defendant, Melvin Meller, had been on his farm quite a number of times before March, 1963.

The state's case rested upon the testimony of defendant's accomplices, Jim Fenton and Stanley Steinmetz, relating to the instantly charged theft of the one steer. Other acts of theft on other occasions were testified to by these witnesses, the testimony of Fenton being objected to one time by defendant at the trial upon the ground the other thefts were not charged, and had no bearing upon the one theft charged in the information. The alleged error in the court's ruling in admitting the testimony of the other thefts is set forth in defendant's motion for new trial.

Jim Fenton first testified that prior to March 17, in the first part or sometime in February, he and Stanley George Steinmetz had a conversation regarding the theft of livestock with defendant at his house about the 300 block on West McCarty Street in Jefferson City. Defendant then said that if they would steal cattle he would show them how to sell them. Fenton was then permitted to state (over the one objection) that on February 23, 1963, he stole one cow and one calf, and he, Steinmetz and defendant took them to Kansas City, Missouri, and sold them in defendant's name. The check for this sale was mailed to defendant's home, Steinmetz got it and the money was divided. On the night of February 25, 1963, Fenton and Steinmetz stole eight hogs in Callaway County, took them to a St. Louis, Missouri, stockyard, and defendant showed them how to get there and to sell them. Defendant received a part of the money from the sale of the hogs. On March 17, 1963, Fenton and Steinmetz went to the farm of George Seitz and there loaded the steer, the theft of which defendant was charged, into a pickup truck. They later met defendant, and the three of them drove to East St. Louis, Illinois, in two separate trucks, and sold the steer under the name of "Charles McHenry." Fenton signed the name of Charles McHenry on the check and gave it to defendant who also signed it and cashed it, purchasing $40 worth of gasoline and giving Fenton and Steinmetz $20 each.

The testimony of Steinmetz concerning the thefts was substantially the same as that of Fenton. We do not set forth other evidence connecting defendant to the commission of the crime charged inasmuch as he does not question the sufficiency of the evidence to sustain the conviction.

■ Even if defendant's single objection to the testimony of Fenton be treated as continuing and as directed to all of the testimony bearing on other offenses, his assignment of error with respect thereto has no merit. The testimony of his accomplices relating to offenses close in point of time, when coupled with the testimony of both Fenton and Steinmetz concerning the initial meeting at which it was agreed that if they would steal cattle he, defendant, would show them how to sell them, was admissible under State v. Fisher, Mo., 302 S.W.2d 902, 905 [2], and cases and authority there cited, to show knowledge, intent or design in the commission of the offense charged for which the defendant was on trial. For the reasons stated in State v. Fisher, supra, the testimony admitted constituted an exception to the general rule that evidence of other offenses is not admissible because such evidence violates defendant's right to be tried for the offense for which he is on trial (see State v. Mobley, Mo., 369 S.W.2d 576). All of these acts to which Fenton and Steinmetz testified tended to show that defendant and his accomplices did in fact carry out their previous agreement to commit acts of theft and bore upon the commission of the theft actually charged. Assignment No. 1 is overruled.

■ By Assignment No. 2, defendant requests a new trial upon the ground that he had discovered new evidence to the effect that he did not travel with Fenton or Steinmetz from Jefferson City to the Sky Line Truck Stop, and that on March 17, 1963, both Fenton and Steinmetz had been at the Sky Line Truck Stop for a substantial time before he arrived. Both Steinmetz and Fenton testified that Steinmetz rode with defendant in his truck to the Skyliner, where they met Fenton who had driven another truck. This testimony could only have been of an impeaching nature, and the discovery of such evidence after a trial is no valid ground for the granting of a new trial. State v. Gish, Mo.App., 371 S.W.2d 654, 657 [6], and cases cited. See also State v. Pinkerman, Mo., 349 S.W.2d 951, 953 [4–6], as to the facts which must be shown and the procedure to be followed in order to secure a new trial upon the ground of newly discovered evidence, none of which was complied with by defendant. Assignment No. 2 is overruled.

Defendant complains in his Assignment No. 3 that the court erred in failing to instruct the jury as to the limited consideration (credibility of the witness) to be given to his testimony regarding his former convictions. No such instruction was requested by defendant. Supreme Court Rule 26.02(6), V.A.M.R., requires only that the court instruct the jury on questions of law necessary for their guidance in returning a verdict, and absent a request the court is not required to instruct upon a collateral matter such as this. State v. Bozarth, Mo., 361 S.W.2d 819, 829 [18]. Assignment No. 3 is overruled.

Defendant's last assignment, No. 4, sets forth that the verdict is contrary to the law and "contrary to the law as applied to the evidence." Such assignment is too general to preserve anything for review in that it does not set forth in detail and with particularity the specific ground or causes for the motion in accordance with the provisions of Supreme Court Rule 27.20(a), V.A.M.R. State v. Butler, Mo., 353 S.W.2d 698 [2]. Assignment No. 4 is overruled.

The information is sufficient; defendant was arraigned and was present throughout the trial in person and by counsel; the verdict is responsive to the charge contained in the information; assessment of punishment was duly made by the court in accordance with the Habitual Criminal Act; allocution was granted defendant, and judgment was entered, and the sentence of eight years' imprisonment was within the limits of § 560.161, RSMo 1959, V.A.M.S. Defendant has had a fair trial.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.