**STATE of Missouri, Respondent,**

v.

**Larry JOHNSON, Appellant.**

No. 56869.

Supreme Court of Missouri,
Division No. 1.

July 17, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

John J. Cosgrove, Kansas City Legal Aid and Defender Society of Greater Kansas City, for appellant; Paul T. Miller, Kansas City, Executive Director, Willard B. Bunch, Kansas City, Chief Defender, of counsel.

WELBORN, Commissioner.

Appeal from sentence and judgment of two years' imprisonment upon jury verdict of guilt on charge of stealing property of a value of at least $50.

No question of the sufficiency of evidence is presented. Appellant and a companion, Gloria Jean Carr, were seen removing a number of men's suits and placing them in a trash container which the woman was pushing in a shopping cart through the G.E.M. Store in Kansas City. The two were apprehended on the store parking lot. Evidence at the trial was that the thirteen suits in the container had a retail value of $840 and a wholesale value of $540.

The information charged the stealing of miscellaneous items of clothing of the wholesale value of approximately $500. The principal instruction to the jury was as follows:

"INSTRUCTION NO. 3

"All persons are equally guilty who act knowingly together with a common intent in the commission of an offense, and an offense so committed jointly by two or more persons is the act of each and all, and whatever any does in furtherance of the unlawful act is in law the deed of each of such persons.

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on the 13th day of April, 1970, in the County of Jackson, State of Missouri, the defendant acted knowingly with Gloria Jean Carr with common intent to commit the offense of Stealing Over Fifty Dollars, and,

"Second, that while they were so acting, the defendant stole miscellaneous items of men's clothing owned by the Parkview G.E.M. Store, and

"Third, that the property stolen was of the combined value of at least fifty dollars, and

"Fourth, that the property was stolen by the defendant with the intent to permanently deprive the Parkview G.E.M. Store of its use of such property and to convert it or any of it to the use of defendant, and

"Fifth, that the property was stolen by the defendant without the consent of the owner, then you will find the defendant guilty of stealing property of the value of at least fifty dollars.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

"If you find the defendant guilty of stealing property of the value of at least fifty dollars, then you will fix the punishment:

"1. By imprisonment by the Department of Corrections for a term fixed by you, but not less than two years nor more than ten years, or

"2. By confinement in the county jail for a term fixed by you, but not to exceed one year, or

"3. By a fine fixed by you, but not more than $1,000, or

"4. By both such fine and confinement in the county jail."

The verdict of the jury was:

"We, the jury, find the defendant, Larry Johnson Johnson (sic), guilty of Stealing over Fifty Dollars, as submitted in Instruction No. 3, and fix his punishment at im-

prisonment by the Department of Corrections for a period of two years."

Appellant contends here that the verdict is not responsive to the information. He contends that the verdict is a finding of guilt on a charge of stealing over $50 in currency whereas the information charged a stealing of property of the value of approximately $500.

By § 560.161, RSMo 1969, V.A.M.S., subject to exceptions not here pertinent, punishment for the offense of stealing is determined according to whether the property stolen is valued at less than $50 or at least $50. By subparagraph (1) of paragraph 1 of that section, if the value of the property is less than $50, the offense is punishable as a misdemeanor, as there specified. If the property is of a value of at least $50, the offense is punishable as a graded felony as provided in subparagraph (2) of paragraph 1 of § 560.161, supra.

■ In the first paragraph of the principal instruction as well as in the verdict the offense here involved was denominated "stealing over $50.00." To have been technically precise, the language should have been "stealing property of the value of at least fifty dollars." However, this court has on numerous occasions held that the language of this verdict is sufficiently responsive to a charge of stealing property of the value of at least $50. Such a verdict as this was held not a basis for reversible error in State v. Brewer, Mo.Sup., 338 S.W.2d 863, 867 [3, 4]. That case also arose in the Jackson County Circuit Court and this court stated explicitly what the verdict in a case such as this correctly should find. However, the direction was not taken seriously because the Jackson County Circuit Court continues, as in this case, to be the source of cases in which the objection continues to be raised. See State v. Mitts, Mo.Sup., 347 S.W.2d 677, 680 [3]; State v. Pinkerman, Mo.Sup., 349 S. W.2d 951, 953–954 [7]; State v. Webb,

Mo.Sup., 423 S.W.2d 795, 799 [8]; State v. Miles, Mo.Sup., 412 S.W.2d 473, 477 [12]. This is a complaint which would require little effort to avoid, but inasmuch as there was no real dispute as to the subject of the theft and the value of the property, the error is harmless and is not grounds for reversal.

■ The same may be said for the shortened description of the offense in the instruction. The preliminary reference to a joint intention to steal more than fifty dollars clearly has reference to the offense subsequently adequately described in paragraph second and subsequent paragraphs. It is doubtful that appellant preserved for review the instruction objection, but in any event the error is harmless.

Appellant contends that the trial court erred by admitting evidence of other offenses by the defendant. A security officer testified on direct examination for the state that G.E.M. employees pursued defendant and his companion on the store parking lot. According to the witness, employer Morris called defendant to come back.

"They said that—it was no use running, they had the license number of the car.

"Q All right. A And he said he didn't care, it was stolen, too."

Objection was made that the last statement was not responsive and prejudicial. The objection was overruled.

■ On appeal, appellant contends that the trial court's ruling was erroneous because it permitted to stand testimony concerning a crime other than the one charged.

There are several answers to this assignment. In the first place, the objection was made after the witness had spoken. At that point, the proper method of attacking the statement as unresponsive was by a motion to strike or a request that the jury

be instructed to disregard the statement. State v. Beatty, Mo.App., 94 S.W.2d 907 [1–4]. Secondly, the objection now voiced was not stated to the trial court. The objection was that the statement was prejudicial but no objection was made that it related to a crime other than that for which defendant was tried. The ground of objection in this court is limited to that stated at the trial.

■ Finally, the statement is not inadmissible because it relates to another offense. It falls within the exception to the rule relied upon by appellant which allows evidence of other offenses showing "a common scheme or plan embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other." State v. Reed, Mo.Sup., 447 S.W.2d 533, 534 [1]. Evidence that defendant was traveling in a stolen automobile would fall within that category. State v. Harrison, Mo.Sup., 285 S.W. 83, 86 [7], [8–10]; State v. Boyer, Mo.Sup., 476 S.W.2d 613.

■ By his motion for new trial, appellant asserted that one juror failed to disclose on voir dire that he was acquainted with the defendant. The juror testified on a post-trial hearing that he did not know defendant. There was no testimony which supported the allegation of the motion. There has been no demonstration of error in this regard.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

BARDGETT, Acting P. J., HENLEY, J., and FINCH, C. J., concur.

HOLMAN, P. J., and SEILER, J., not sitting.