**STATE of Missouri, Respondent,**

v.

**Michael Wayne BELLAH, Appellant.**

**No. 51765.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 26, 1988.

Application to Transfer Denied March 15, 1988.

**214**

William L. Webster, Atty. Gen., Elizabeth Ann Levin, Asst. Atty. Gen., Jefferson City, for respondent.

William J. Shaw, Public Defender, Stormy White Barton, Asst. Public Defender, St. Louis, for appellant.

SIMON, Presiding Judge.

Michael Wayne Bellah, appellant, appeals his conviction by a jury in the Circuit Court of St. Louis County for forcible rape in violation of § 566.030 RSMo (1986). On appeal, appellant contends that the trial court erred in: (1) allowing the state to cross-examine appellant concerning matters allegedly not raised in appellant's direct examination; (2) admitting into evidence the results of lab tests when allegedly a proper foundation was not laid; and, (3) refusing to allow appellant to question the victim concerning possible alternative sources of semen after the state introduced evidence that the victim had sex with her boyfriend two days prior to the rape and the laboratory tests demonstrated that her boyfriend was not the source of the seminal constituents taken from the victim. We affirm.

Viewed in the light most favorable to the verdict, the evidence adduced at trial is as follows: Appellant and the victim had been married for seven years and were divorced June 24, 1985. Five children were born of their marriage, but only four are living. Upon their separation in March, 1984, the victim took the four children with her to her mother's house. After some time, the victim and her children moved in with her grandmother because appellant would cause trouble at her mother's house. Appellant learned of the victim's move to her grandmother's house and began to harass the victim at that location. In April, 1985, the victim moved to the Women's Health Center. The children were placed with a foster care family temporarily.

On August 15, 1985, appellant and one of his roommates went to the house of the mother of the victim. Appellant was under the erroneous impression that the children

were being put up for adoption. Appellant asked the victim's mother why the victim was placing the children up for adoption and where the victim was living. When the mother refused to tell appellant anything he stated that he knew where he could find her and that he was going to hurt her.

On August 16, 1985, at approximately 4:00 a.m., the victim was working alone at a Majik Market store. Appellant entered the store, walked up behind the victim, grabbed her, and put a gun to her head. Thereafter, appellant raped the victim, kicked her in her side when he was finished, and walked out laughing.

Laboratory tests were performed on samples contained in a "rape-kit" from the victim and on saliva samples taken from the appellant, the victim, and the victim's boyfriend. The tests were performed by two employees of the St. Louis County Crime Lab, both of whom were no longer employed at the lab and moved out of the area. The state called the supervisor of the St. Louis County Crime Lab to testify from their reports. The results indicated that traces of semen from a non-secretor had been collected from the victim. A secretor is an individual whose saliva and other body fluids contain a water-soluble form of the antigens of the ABO blood group found in his erythrocytes (red blood cells). The victim's boyfriend is a secretor; appellant is a non-secretor.

In his first point, appellant contends that the state should not have been permitted to cross-examine appellant in regard to allegations of past physical abuse of his former wife and appellant's alleged failure to provide child support to his former wife because the matters were not raised in appellant's direct examination. Appellant argues the cross-examination went beyond the scope of appellant's testimony on direct examination, in violation of § 546.260 RSMo (1986).

■■■ The state sets forth the proposition that appellant failed to preserve the point at trial. As such, the state urges this court to review the point for plain error. Indeed, appellant's objections appear to be out of time. The transcript during appel-

lant's cross-examination is clear on this point:

Q. [By prosecuting attorney, Ms. Rosebaugh.] Is it true that the only reason that you went over there was to see your wife ... and not to see the children?

A. No.

Q. Is it true that every time you went there you went over there to physically abuse [your wife]?

A. No.

MR. HERMAN [defense counsel]: Objection.

THE COURT: Overruled.

Q. (By Ms. Rosebaugh) Did you provide any support for your children during that time?

A. I tried to give her money.

Q. Who?

A. My wife.

Q. When?

A. A couple of times. I got witnesses.

Q. Just answer the question, please. A couple of times?

A. Yes.

Q. You have four children and you tried to give her money a couple of times?

A. About four times.

MR. HERMAN: Objection, this is outside the scope—

A. She refused.

MR. HERMAN. I object to that.

MS. ROSEBAUGH: This is cross examination.

THE COURT: Overruled.

As can be gleaned from the transcript, appellant's counsel made his objections after appellant answered the questions in both instances. Where a question indicates that the response to it will be incompetent or inadmissible, an objection thereto, in order to be available, must be made before the answer is given, since it is too late to object thereafter, unless the answer is given before there is opportunity to object. *Doherty v. St. Louis Butter Co.,* 339 Mo. 996, 98 S.W.2d 742, 747 (1936). While it is

true that appellant makes a detailed objection to the line of questioning later on in appellant's cross-examination, it is too late to preserve the matter for appellate review. Appellant must timely object at the first opportunity. *Id.* Having failed to preserve the matter for appellate review, we review for plain error.

Section 546.260.1 RSMo (1986), provides that a defendant who testifies in his own behalf "shall be liable to cross-examination, as to any matter referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case." The prosecution is not limited to a categorical review of the evidence given by defendant on direct examination but may examine him in detail as to matters generally referred to in his examination in chief. *State v. Gish,* 376 S.W.2d 618, 620 (Mo.App.1964). Thus, if in direct examination defendant refers in a general way to a subject, he may then be cross-examined in detail on that subject. *State v. Dalton,* 433 S.W.2d 562, 564 (Mo.1968). Permissible extent of cross-examination of defendant in a criminal case is largely a matter of discretion with the trial court. *State v. Harris,* 564 S.W.2d 561, 574 (Mo. App.1978). It is impossible to lay down any definite rule as to scope of cross-examination of a defendant who testifies in his own behalf and each case is very much dependent on its own facts and background. *State v. McClinton,* 418 S.W.2d 55, 59 (Mo. banc 1967).

Appellant testified during his case in chief as to matters concerning his marriage, the divorce, and his former wife. In particular, appellant states that the idea to get divorced came from his former wife. Furthermore, appellant testified in regards to his children during his direct examination. He went into detail surrounding his mistaken belief that the children were being made available for adoption and the fact that he was denied visitation rights. The trial court was within its discretion to allow the prosecutor to question appellant during his cross-examination on matters concerning past physical abuse of his former wife as that may have been a contribu-

ting factor why the victim wanted to divorce the appellant. Moreover, questions during appellant's cross-examination regarding child support directly pertain to the subject of the children which was raised in direct examination. As such, no error, plain or otherwise, was committed. Point denied.

In his second point on appeal, appellant claims the trial court erred in admitting into evidence the results of lab tests because no proper foundation was laid. Furthermore, appellant argues that since the persons performing the lab reports were not present to testify, appellant was denied his right to cross-examine witnesses against him. Lastly, appellant complains that the reports were completed for the purpose of litigation against appellant.

The state argues that it introduced the results of the lab tests into evidence by laying a foundation pursuant to the Uniform Business Records As Evidence Law, §§ 490.660 to 490.690 RSMo (1986). Section 490.680 RSMo (1986) provides as follows:

*Records competent evidence, when*

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

There is no question under the law that opinions of experts contained in a laboratory report prepared by that expert are admissible without the presence of and testimony of the expert. *State v. Merritt,* 591 S.W.2d 107, 113 (Mo.App.1979). The trial court must have discretion in its determination of whether the statutory requirements have been met. *State v. Taylor,* 486 S.W. 2d 239, 242 (Mo.1972).

The direct examination of the supervisor of the lab clearly indicates that the state laid the proper Business Records

foundation not once, but twice. Furthermore, appellant relies on *State v. Rhone*, 555 S.W.2d 839 (Mo. banc 1977), and alleges that the two laboratory technicians who prepared the report were not experts making statements concerning a matter within their expertise and as to which they would be competent to express an opinion if testifying in person. *Id.* at 841. However, appellant's reliance is misplaced. The state addresses the qualifications of the two laboratory technicians in the direct examination of the supervisor of the lab. We find the trial court was well within its discretion to admit the opinions of the experts contained in the laboratory reports. Point denied.

■ In his last point, appellant contends that the trial court erred in refusing to allow appellant's counsel to question the victim concerning possible alternative sources of semen after the state introduced evidence that the victim had sex with her boyfriend two days prior to the rape and that laboratory tests demonstrated that her boyfriend was not the source of the seminal constituents taken from the victim. The state responds to this argument by pointing out that appellant failed to file a written motion pursuant to § 491.015 RSMo (1986), the rape shield statute, which provides as follows:

3. If the defendant proposes to offer evidence of the sexual conduct of the complaining witness under this section, *he shall file with the court a written motion* accompanied by an offer of proof or make an offer of proof on the record outside the hearing of the jury. The court shall hold an in camera hearing to determine the sufficiency of the offer of proof and may at that hearing hear evidence if the court deems it necessary to determine the sufficiency of the offer of proof. If the court finds any of the evidence offered admissible under this section the court shall make an order stating the scope of the evidence which may be introduced. Objections to any decision of the court under this section may be made by either the prosecution or the defendant in the manner provided by law. The in camera hearing shall be recorded and the court shall set forth its reasons for its ruling. The record of the in camera hearing shall be sealed for delivery to the parties and to the appellate court in the event of an appeal or other post trial proceeding.

§ 491.015.3 RSMo (1986). (Emphasis ours). Upon a careful review of the record on appeal, we conclude that appellant failed to file a written motion in compliance with § 491.015.3 RSMo (1986). Thus, the evidence as to other possible sources of semen appellant sought to present is inadmissible. *State v. Poe*, 708 S.W.2d 723, 728 (Mo.App. 1986). We further conclude that appellant's argument concerning the state's waiver of the requirements of § 491.015.3 RSMo (1986) is without merit as the subsection involved directly pertains to evidence that the defendant proposes to offer. As such, the state cannot waive the requirements and appellant should have followed the requirements of § 491.015.3 RSMo (1986). Point denied.

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.